Syllabus.

## L. LINDSAY v. L. F. PRICE.

1. The payee of a note for about $1000 on W., put it in the hands of attorneys for collection, and afterwards gave to P. an order directing the attorneys to pay to him $500, "out of the money collected or to be collected on the note." The attorneys accepted the order, " to be paid out of the first money collected on the note." Their client, the payee, afterwards compromised with W., and instructed the attorneys to cancel the note, so they never collected anything on it. P. sued the attorneys on the order and their acceptance. *He'd*, that the order cannot be regarded as a bill of exchange, nor as an assignment *pro tanto* of the note. It was a mere mandate, revokable by the maker of it at any time before it was executed, and without the consent of the attorneys, nothwithstanding their conditional acceptance of it; and when revoked by the maker, the attorneys could not, either as trustees or otherwise, be held liable to P., the holder of the order. (Kinney v. Lee, 10 Texas, 135, cited and approved.)

2. Notes and bills of exchange cannot be assigned in parts.

3. An appeal bond need not be signed by the appellant. All the obligations stipulated in the bond are incumbent on him, independent of the bond. It is, therefore, no objection to an appeal bond that the appellant's name was signed to it by another person, who assumed to sign it under a defective power of attorney.

APPEAL from Fayette. Tried below before the Hon. I. B. McFarland.

The opinion of the court states such of the facts as are deemed material.

*H. Feichmuller*, for the appellant.

*McLemore & Hume*, for the appellee.

*Chandler & Carleton*, also for the appellee, moved for a rehearing, and that the judgment of this court be so modified as to remand the case for a new trial; but no action appears to have been taken on their motions.

WALKER, J.—This action was brought to recover of the appellant, surviving partner of the firm of Lindsay & Shropshire, on what is assumed to be a bill of exchange.    The instrument reads as follows:

                                        "NOVEMBER 7, 1865.

"Messrs. Lindsay & Shropshire will pay to L. F. Price the sum of ($500) five hundred dollars out of the money collected, or to be collected, on the note of G. M. T. Webb, which note was placed in their hands for collection.

    "(Signed,)                          HARRIET COOK."


Lindsay & Shropshire accepted the order in words following:

"Accepted to be paid out of the first money collected on note made by G. M. T. Webb, G. T. Haswell, W. W. Wade and N. T. Ware.

    "(Signed,)              LINDSAY & SHROPSHIRE."


The amount of the Webb note was $971 79, and it is claimed that the order of Mrs. Cook operated as an assignment of $500 of the amount to Price, and that Lindsay & Shropshire held the note to this extent, in trust for the use of Price.    After the execution, delivery and conditional acceptance of the order, Mrs. Cook compromised her demand against Webb, and by letter, directed Lindsay & Shropshire to cancel the note, on receipt of attorney's commission.    The mandate contained in the order had not been executed.    No money had come to the hands of Lindsay & Shropshire, and Mrs. Cook had a perfect right in law to revoke it, whether Lindsay & Shropshire consented or not, at any time before its execution.    And the only *lien* that they could have set up, upon the note, was for attorney's fees in the particular case. The order was drawn upon a condition—that of the Webb note being paid to Lindsay & Shropshire.    And it was accepted upon the

same condition; and it is not even averred that the condition has ever been fulfilled, but it is sought to charge Lindsay, the appellant, with a trust in favor of Price, which he fraudulently suffered Mrs. Cook to revoke.

The conclusion of law is clear, that he could not prevent her revocation of the mandate, and therefore cannot be charged with fraud for not doing that which he had no power or right to do. He was in no sense a trustee for Price, but simply a procurator of the mandate of Mrs. Cook. The order or mandate could not be treated as a bill of exchange. (See Byles on Bills, 151.) In Carlos v. Fancoust, 5 Term R., 482, Lord Kenyon remarks, as a reason why such an instrument as the one sued on should not be treated as a bill of exchange : " It would perplex commercial transactions if paper securities of this kind were issued into the world incumbered with conditions and contingencies, and if the persons to whom they were offered in negotiations were obliged to inquire when these uncertain events would probably be reduced to certainty." The case of Kinney v. Lee, 10 Texas, 135, is conclusive of this case. The court say, "An order to pay a certain amount out of the proceeds of cattle sold for my account, when the same shall be received by you," is not a bill of exchange, and the acceptor of such an order becomes liable to the holder to the same extent as he would have been liable to the drawee if no such order had been given ; no further. Mrs. Cook could not have assigned the Webb note in parts. Notes and bills of exchange cannot be apportioned by assignment. Were the law otherwise, the holder of a promissory note might greatly oppress the payor by making numerous assignments of parts of the note, and thus multiply suits, if the same were not paid at maturity. The law has never sanctioned such mischief, and it is hoped never will. We see no grounds in the case whatever for charging Lindsay and Shropshire with bad faith to Price, and we certainly can see no *legal liability* which they have incurred to him in the premises. The motion to

dismiss the appeal, on the ground that the power of attorney, which authorized the signing of Lindsay's name to the appeal bond, was not under seal, is overruled. The *power* was good without the seal, and so would have been the appeal bond had Lindsay not signed it at all. The appellant is bound to comply with the judgment and orders of the appellate court, whether he sign the bond or not, and it follows that such a bond would be good without his signature, if otherwise good in law. The judgment of the court below is reversed, with costs to the appellant, and the case dismissed.

Reversed and dismissed.

Lindsay, J., did not sit in this case.