L. McKellar and Wife v. Wm. D. Peck.

1. It is not necessary for the plaintiff in error to sign the error bond. It is sufficient if signed by the sureties.
2. An error bond, on which the attorneys of record are sureties, is not therefore void ; for such violation of Rule 9, of rules adopted by the Supreme Court for the government of the District Court, the attorneys might be dealt with upon motion, but they would be liable upon the error bond.
3. No notarial act is valid unless the seal of office of such notary be affixed.
4. The use by a notary of the seal of the county court, even by mistake, vitiates the act.
5. An acknowledgment by a married woman before a notary public of a deed of trust for the homestead, regular in every other respect, but having the seal of the county court instead of the notarial seal, is a nullity.
6. Although a notary may correct his mistake while in office, it is error to allow the depositions of the person taking the acknowledgment to explain his mistake or vary his certificate.
7. There is no legal evidence of the privy examination and acknowledgment of the wife before the notary, in the absence of his official seal to his certificate.

ERROR from Gonzales.   Tried below before the Hon. Henry Maney.

This was a suit brought by defendant Peck, against McKellar and wife, to try the title to a tract of land in Gonzales.   McKellar and wife disclaimed as to all the land except two hundred acres, which they claimed as their homestead, had it surveyed, and set it out in their answer by metes and bounds.

There was a previous trial of this cause, and a verdict and judgment for defendant, and appealed by Peck, when this court remanded the cause because of the error of the District Court in refusing to permit the plaintiff to take a nonsuit after a plea in reconvention, and in a paragraph in that decision Chief Justice Morrill said that if the notary public who took the acknowledgment of Mrs. McKellar was under the control of the court, he might still attach his seal to the acknowledgment.

In the year 1861 L. McKellar executed his note to John Woods for $3300, with A. H. Jones and B. B. Peck as sureties, and in order to indemnify Jones and Peck against loss as his sureties on the note, McKellar and wife executed the deed of trust set out in the transcript, conveying the land in controversy to Jones as trustee, with power to sell, etc.

McKellar and wife acknowledged the deed of trust in the mode prescribed by the statute, before S. Chenault, a notary public of Gonzales county, on the —— day of April, 1861, but the notary, instead of affixing his notarial seal to his certificate, affixed the county seal through mistake.

The trustee, A. H. Jones, in December, 1867, after duly advertising the land set out in the deed of trust, sold the same at public sale, in conformity with the terms prescribed in the deed of trust, and defendant in error became the purchaser.

In connection with the deed of trust, S. Chenault testified that he was, at the date of the deed, a duly qualified notary; that as such notary public he went to the residence of Mrs. M. A. McKellar and took her acknowledgment to said deed of trust; that the matters and things as stated in said certificate are true, and that his genuine official signature is thereto;  *  *  that she appeared to understand what witness came for; that she

had freely and voluntarily signed said trust deed for the considerations therein stated, without fear or compulsion on the part of her husband, and wished not to retract it; that he does not remember putting any seal to said acknowledgment of the trust deed, but if he placed the county seal to the the acknowledgment, it was done by mistake; that it was his intention to place his notarial seal to it; * * that he kept his office with his father, who was clerk of the county court. Witness is out of office.

The error bond was signed by the attorneys of record as sureties, and not by plaintiffs in error.

*Miller & Sayers*, for plaintiffs in error.—Defendant excepted to the trust deed being read in evidence:

1. Because the certificate of the separate examination of Mrs. McKellar was not attested by the official seal of the notary public before whom it was made, as required by law. (Pas. Dig., Arts. 1003, 4693, 4684.)

2. Because Chenault was not a notary public at the time he testified, and had no authority to certify *nunc pro tunc*, or to affix a seal, and could not by verbal testimony prove up the acknowledgment of a married woman.

If any one part of the certificate of a married woman can be made by parol proof of the party taking it, so as to make the instrument binding, any other part of it may also be proved by parol; and, if so, why not with equal reason permit the whole certificate to be established by parol proof? For these reasons and many others our courts have held that the law must be complied with, and the certificate alone must show it. (Lessee of Good v. Zucher, 12 Ohio, 364; Baker v. Anderson, 25 Ill., 66, 67; Berry v. Donley, 26 Texas, 744; Green v. Chandler, 25 Texas, 157; Nichols v. Gordon, 25 Texas Sup.,

109 ; Roy v. Bremond, 22 Texas, 628–630 ; Callahan v. Patterson, 4 Texas, 62–64 ; 31 Texas, 688 ; 28 Texas, 523.)

3. That parol evidence could not be heard to establish that which the law requires to be attested by a certificate and seal to give it validity. (Smith v. Holliman, 129, opinions of 1868 ; Cross v. Evarts, 28 Texas, 523.)

4. That plaintiff had not alleged in his petition that Mrs. McKellar had acknowledged the trust deed in accordance with law, and hence was not entitled to prove it (Cross v. Evarts, 28 Texas, 523 ; Roy v. Bremond, 22 Texas, 626, 628, etc.); because the paper purporting to be an acknowledgment was not annexed to the trust deed as required by law. (Pas. Dig., Art. 1003.)

*Joseph O'Connor, Everett Lewis* and *T. M. Harwood*, for defendant in error.—The deed was voluntary, and the default to pay the debt the deed of trust was given to secure gave Jones the right to sell. (See Pas. Dig., Art. 1003 ; 4 Kent's Com., 138, 149 ; 5 Texas, 200, 202 ; 6 Texas, 111 to 115.)

The sale and conveyance of the land by Jones, the trustee, to defendant in error, extinguished the equity of redemption in McKellar and wife, and vested a full and complete title in the purchaser, the defendant in error. (4 Kent., 191 ; 2 Metcalf, 29 ; Wilson v. Troup, 7 Johnson Ch., 25.)

It is submitted that the omission to affix the proper notarial seal to the certificate of acknowledgment of McKellar and wife was a mistake which is apparent on the face of the instrument, and was fully explained by the notary, S. Chenault, in his testimony, to the entire satisfaction of the judge who heard the cause ; and was such a mistake as equity could correct, and was remedied by the testimony of Chenault ; and was such a mistake as could not invalidate the deed of trust. (Peck v. McKel-

lar and Wife, 33 Texas, 234; Womack v. Womack, 8 Texas, 397.)

The notary, S. Chenault, before whom the acknowledgment was made, was a competent witness to explain the want of the proper seal; and in connection with his testimony, the certificate of acknowledgment of McKellar and wife to said deed of trust is conclusive of the facts therein stated. (See Peck v. McKellar and Wife, 33 Texas, 234; Hartly v. Frosh, 6 Texas, 208; Craig v. Shallcrop, 10 Sergeant & Rawle, 377; Parry v. Almond, 12 S. & R., 284.)

To set aside the conveyance of the wife by impeaching the veracity of the certificate of acknowledgment, there must be some acts alleged showing fraud or duress, or that there was a fraudulent combination of parties interested with the notary. (See 6 Texas, Hartly v. Frosh, 209; 4 Texas, Callahan v. Patterson, 68; Bien v. Heath, 6 Howard, 241.)

OGDEN, P. J.—The motion to dismiss the writ of error in this case is overruled. It is not necessary that the appellant or plaintiff in error should sign the appeal or writ of error bond, provided the same be otherwise sufficient. (Shelton v. Wade, 4 Texas, 150.) And if it were necessary their attorneys of record have the right to sign the bond for them. If the attorneys have seen fit to violate Rule 9 of the rules adopted by the Supreme Court for the government of the District Courts, they might possibly be dealt with upon a motion for that purpose, but certainly such a violation could not lessen their responsibility or liability as security on an appeal bond.

The writ of error bond appears to be defective in stating the amount for which the judgment was rendered, but it correctly describes the parties, the time when and the county where the judgment was rendered, and its

number on the District Court docket, and this has been held a sufficient description under the law. (Forshey v. The R. R. Co., 16 Texas, 525.) And should the bond be otherwise inaccurate, it might be corrected, if necessary, by the record.

The appellants complain that there were many errors committed in the trial below for which the judgment should be reversed, but under the pleadings we do not deem it necessary to notice but one of the many errors assigned, as that will necessarily dispose of the whole cause.

The appellee brought this suit in trespass to try title to about eight hundred acres of land, alleging that defendants were in possession. The defendants filed a disclaimer to all the land excepting two hundred acres, which they claimed as their homestead. On the trial, a deed of trust signed by both appellants, who are husband and wife, covering the whole land, including the homestead, was offered in evidence as the basis of the appellee's title. This deed of trust is acknowledged by the husband and wife before a notary public in the usual form, excepting that the notary public, in attempting to fix his notarial seal to the certificate, probably by mistake, attached instead the seal of the county court. And the court charged the jury, in effect, that the deed of trust with the notarial certificate, verified by the seal of the county court, is valid and of binding force upon the defendants, McKellar and wife. We think there is error in this charge, which will require a reversal of the judgment.

There is but one mode known to our law by which the husband and wife can alienate or charge their homestead, and in order to bind them, that mode, with all of its essential forms, must be strictly complied with. One of the requisite forms is the privy examination of the wife before one of certain specified officers. And the law pos-

itively requires that officer to certify such privy examination under his hand and seal of office. It follows that without such privy examination, certificate, official signature and seal, any act of the wife attempting to convey her homestead is a mere nullity, to be disregarded by her or those claiming under her at pleasure. The statute provides that the several notaries shall have a seal of office, and that all official acts of such notaries shall be verified by their seal of office, and it further particularly prescribes what a notary public's seal shall be. And to make the law still more definite and mandatory, Article 4684, Paschal's Digest, declares that no notarial act shall be valid unless the seal of office of such notary be appended. There can be no mistaking the law in this respect, and the act of the notary who took the acknowledgment of appellants, McKellar and wife, to the deed of trust under consideration, had, under the statute, no validity whatever until his seal of office was affixed. And until the notary had affixed his seal to his certificate, Mrs. McKellar was at liberty to recall or retract her acknowledgment in any manner she saw proper. We think it could hardly be claimed that the county clerk's seal could be substituted for the notarial seal, or that it could add any force or verity to the notarial act; and certainly the verbal statements of the person who acted as notary in taking the acknowledgment, many years after he had gone out of office, were improperly admitted to vary or explain the certificate, or to attempt to account for the mistake in putting the wrong seal to his official act. We must, therefore, consider the certificate as without a seal, and, as under the statute the notarial act is invalid without the seal, it follows that there is no legal evidence of the privy examination of the appellant, Mrs. McKellar, to the deed of trust under which appellee claims, without which neither

she nor her husband parted with any right or interest in their homestead. It is true, as intimated by this court on a former appeal, that if the notary was still in office and under the control of the court, he might still attach his seal to the acknowledgment, provided Mrs. McKellar had not in the meantime withdrawn her acknowledgment, but under no other circumstances. Under the pleadings and facts of this case we must hold that appellants have never parted with their homestead in the land in controversy, and that the judgment of the lower court is erroneous in depriving them of that right, for which error the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.