### J. & J. BRIDGES v. WILLIAM H. CUNDIFF AND OTHERS.

1. WRIT OF ERROR BOND.—Upon a writ of error bond, "conditioned that the said James Bridges and Samuel Harrison, administrator of Jackson Bridges, shall pay all costs which have been adjudged against them in the District Court, and which may be adjudged against them in the Supreme Court on said writ," though not exactly in the terms of the statute, (Paschal's Dig., art. 1517,) is a sufficient compliance with the law.

2. SAME—SURETY.—A writ of error bond for costs, signed by two sureties, is not vitiated by reason of the fact that the judgment below against the plaintiffs, for all the costs in the suit in the District Court, was also against one of the sureties, who was a surety on a bond for costs in that court, but who did not join in the petition for writ of error, the statute (Paschal's Dig., art. 1517) not requiring any particular number of sureties on such bond.

3. SAME—SURETIES.—The bond is good, though signed only by the sureties.

4. WRIT OF ERROR BOND—APPROVAL BY CLERK.—Where it appeared, from the transcript of a cause tried in Denton county, that the bond was executed on the 21st day of August, 1873, and the sureties signing the bond were certified on the same day by the district clerk of Houston county to be well worth the amount of the bond, but the same was not indorsed "approved" by the district clerk of Denton county, but was by him filed in the cause and certified up as a part of the proceedings : *Held*, As sufficiently recognizing the approval of the bond as a bond given for the costs in the writ of error.

5. WRIT OF ERROR BOND—ADMINISTRATOR.—An administrator cannot be required to give a bond for a writ of error. (Paschal's Dig., art. 1503.)

6. STATUTES.—1 Paschal's Dig., arts. 1503 and 1517, considered.

ERROR from Denton county. In this case the defendants in error moved the court to dismiss the writ of error because there was no such bond for costs as is required by law, and because the paper presented in the record as a bond was not approved by the court.

*Trockmorton & Brown, and Walton, Green & Hill,* for defendants in error.

ROBERTS, CHIEF JUSTICE.—The motion to dismiss is founded on two grounds, to wit:

" 1st. In this case appellees move the court to dismiss the writ of error, because there is no such bond for costs in said writ of error as is required by law.

" 2d. Because the paper in the record presented as a bond in this case, was not approved by the clerk of the District Court as required by law."

This is a bond for costs only, as prescribed in the statute, which provides that "no writ of error to remove a cause from the District to the Supreme Court shall in any case issue, unless the plaintiff in error give bond with sufficient security for all the costs which may accrue in the Supreme Court and which may have accrued in the District Court." (Paschal's Dig., art. 1517, p. 376.)

The bond given in this case is " conditioned that the said James Bridges and Samuel Harrison, administrator of Jackson Bridges, shall pay all costs which have been adjudged against them in the District Court and which may be adjudged against them in the Supreme Court on said writ."

The judgment of the District Court adjudged the plaintiffs in the writ of error, who were plaintiffs below, to pay all the costs of the suit in the District Court, and included in said

judgment for costs, also J. C. Wooters, who was surety for the costs in that court, but who does not join in the petition for the writ of error.

Said J. C. Wooters, with Daniel Daily, signed the writ of error bond, as sureties thereon, without its being signed by the plaintiffs in error. They are certified by the district clerk of Houston county to be well worth the amount of the bond on the 21st day of August, 1873. The bond is shown in the record to have been executed 21st day of August, 1873, and filed 24th day of September, 1873, but it is not indorsed "approved" by the clerk.

Under the facts here presented in the transcript of the record, we are of opinion that the motion to dismiss should not be sustained.

The bond for costs, though not exactly in the terms of the statute, binds the obligors to pay all that could be adjudged against them, upon an affirmance of the judgment below by this court, which is all that the defendants in error could ask or require.

The bond, though not indorsed "approved" by the clerk, appears from the transcript to have been filed in the cause, and sent up with the other papers, all of which are certified by the clerk to be a true copy of the proceedings, which sufficiently recognizes the approval of the clerk of the bond as a bond given for the costs in the writ of error. (McLane *v.* Russell, 29 Tex., 128; Evans *v.* Pigg, 28 Tex., 590.)

The bond is good, though signed only by the sureties. (Shelton *v.* Wade, 4 Tex., 150.)

The bond signed by J. C. Wooters, against whom the judgment as to the costs was rendered below, as a surety for costs, does not vitiate the bond, there being another surety, and this statute not requiring any particular number of sureties on the bond for costs. (Paschal's Dig., art. 1517; Hollis *v.* Border, 10 Tex., 278; McGarrah *v.* Burney, 4 Tex., 288.)

As to Samuel Harrison, administrator, the motion could not be sustained; the judgment having been rendered against

him in matters relating to the estate of which he was administrator, and not relating to him individually as to his own interest, and therefore no bond for a writ of error could be required of him. (Paschal's Dig., art. 1503, p. 373; Tucker *v.* Anderson, 25 Tex. Supp., 159; Ennis *v.* Crump, 6 Tex., 84; Battle *v.* Howard, 13 Tex., 347; Daniels *v.* Gregg, 13 Tex., 384.)

It is much to be regretted that the time of investigating such questions could not be saved, and devoted to more important matters relating to the substantial rights of parties. This can only be done by a more careful attention to the statutes by those concerned in preparing a cause for revision in this court. When presented, however, they must be decided. Motion to dismiss overruled.

MOTION OVERRULED.