F. SAN ROMAN v. A. H. WATSON.

(Case No. 1129.)

1. APPEAL BOND.— The fact that the names of the securities to an appeal bond, given to remove a cause from the county to the district court under act of August 9, 1876, did not appear in the body of the bond, or that the principals did not sign the same, would not render it invalid.

2. ADMINISTRATION DE BONIS NON.— On the application of a residuary legatee under a will, the executor was removed, and by the judgment of a court having jurisdiction, he was required to turn over to a third party the property of the estate undisposed of, for the benefit of the legatee. Afterwards, and sixteen years after the will was admitted to probate, an application was made for letters *de bonis non*, by one who showed no interest in the estate, and who failed to show that any debts remained unpaid except one due to contestant. The application was contested by the only legatee for whose benefit any portion of the estate could be sold. *Held*, that the application was properly refused.

3. STATUTE CONSTRUED — ADMINISTRATION.— One to whom, as trustee, property of an estate has been turned over by the judgment of a

court having jurisdiction, which judgment remains in force, is such
a "party interested," in contemplation of the statute, as can contest
an application for a grant of letters of administration *de bonis non*.

4. APPEAL BOND.— A bond given as an appeal bond from the county
court to the district court, executed under the act of August 9, 1876,
which designates the payee by inserting the name of the county
judge, and immediately following, the words "county judge," for-
mal in other respects, is in substantial compliance with the statute.

ERROR from Cameron.

Contest made by A. H. Watson as trustee, and Ida
Baker Mallory as residuary legatee, joined by her husband,
Robert Mallory, of New York, defendants in error, claim-
ing to act by virtue of the will of Robert J. Lawlor, de-
ceased, to the granting of letters of administration *de
bonis non*, with the will annexed, of Lawlor, to F. San
Roman, plaintiff in error.

In January, A. D. 1862, Lawlor, then a citizen and res-
ident of the city of Brownsville, in the county of Came-
ron, state of Texas, died in the city of Sota la Marina,
Mexico, leaving a will which was probated in the state of
New York, and also, under our laws, probated in Came-
ron county, Texas.

By the terms of the will, Charles Graham Mease, of
New York, Joseph San Roman and Franklin Cummings,
of Brownsville, Texas, were appointed his executors, and
qualified as such. The greater part of Lawlor's estate
was situate in Cameron county, Texas, and some lands
owned jointly by General R. B. Marcy and himself, situate
in the counties of Bee and Goliad.

Mease under the will was to act only in the state of
New York, as one of the executors, and also in the capac-
ity of a trustee, to invest proceeds of the estate for Ida
Baker Mallory after payment of all debts, legacies, etc.
Joseph San Roman and Franklin Cummings were, as ex-
ecutors, to have sole control of the property situated in
the state of Texas.

In July, 1876, Mease was removed from the executor-

ship and trusteeship by the courts of New York, and A. H. Watson appointed "in the place of Mease," and to "carry out and execute the unexecuted and unfinished trusts of the will."

In 1874 Franklin Cummings died. Joseph San Roman continued to act as executor in Texas until July 10, 1877, at which date the present defendants in error instituted proceedings in the county court of Cameron county to remove him, alleging amongst other things that he, Joseph San Roman, had left this state to reside in Spain, and asked "that he be held to have vacated and abandoned his trust, and that he be removed as executor, and that the said lands be by the county court delivered to A. H. Watson, trustee for the trusts as aforesaid, as the said lands and the entire estate is distributed by the said will, or that some resident of the county and state, competent therefor, be appointed executor, as may seem meet and proper to this honorable court, and such other order and relief as the case may demand by requiring bond or otherwise."

These proceedings ended in the county court in a decision adverse to Watson *et al.* upon which they appealed to the district court.

On the 12th of September, 1878, the district court entered its judgment on this appeal, removing Joseph San Roman from the executorship.

No further action was had in the matter, until the 11th of November, 1878, when F. San Roman filed his application in the county court of Cameron county, alleging the vacancy in the succession of said Lawlor, caused by the removal of Joseph San Roman, the sole surviving executor, by the district court of Cameron county, on September 12, 1878; that there was situated in the county of Cameron property of said estate remaining unadministered, and praying to be appointed administrator *de bonis non* with the will annexed, for the purpose of adminis-

tering such of the estate as yet remained unadministered, etc.

On the 21st of November, 1878, A. H. Watson *et als.* filed in the county court their objections to the granting of letters, setting up the different steps taken from the death of Lawlor; that the estate was not indebted; that Ida Baker Mallory was, by the terms of the will of Lawlor, his residuary legatee, and as such was, with A. H. Watson, trustee, entitled to the residue of the estate, pleading the judgment of the district court of the 12th of September, 1878.

At the same term of the county court, F. San Roman filed his answer to said objections with a copy of the will of Lawlor annexed. The county court heard the contest thus made, at the same term, on the 27th of November, 1878, overruled the objections of Watson *et als.*, and granted the application of F. San Roman, who at once duly qualified as such administrator. From this decision Watson *et als.* appealed again to the district court. On the 13th of March, 1879, F. San Roman filed in the district court an amended answer to objections of Watson *et als.* On the 21st day of February, 1879, F. San Roman filed a motion to dismiss the appeal from the county court. This motion was overruled by the court, to which San Roman excepted, and assigned the same as error. On the 14th day of March, 1879, the district court heard the cause, and without the intervention of a jury gave judgment for Watson, no debts appearing.

*Powers & Wells,* for plaintiff in error.

I. The law contemplates the enforcement of all such obligations as the appeal bond, by the officer to whom they are made payable, by virtue of his office and by that alone. It is not the person, but the officer, that can or does act in the enforcement of all such obligations. If not payable to the officer they cannot be enforced. Laws of 1876, p. 128, sec. 130.

II. The bond in this case, on appeal from the county to the district court, is not signed by the principals, or any of them, or by any one for them. Laws of 1876, p. 128, sec. 130; Pasch. Dig., art. 1491; id., art. 1495; Courand v. Vollmer, 31 Tex., 397.

III. The court improperly denied and dismissed the application of plaintiff and petition herein, for the reason given by the court, to wit: "Because no indebtedness of said estate was stated in said application." Laws of 1876, p. 94, sec. 2; id., p. 97, sec. 18; Langley v. Harris, 23 Tex., 569; Runnells v. Kownslar, 27 Tex., 533; Little v. Birdwell, 27 Tex., 691; Wilson v. Townsend, 2 Vesey, Jr., 696; Birmingham v. Wimvan, 2 Sch. & Lef., 449; Story's Eq. Jur., sec. 1075 et seq.

BONNER, ASSOCIATE JUSTICE.— The first, second and third errors assigned by the plaintiff in error, and the propositions thereunder, may be stated substantially as follows:

"That the court improperly overruled petitioner's motion to dismiss the appeal from the county court to the district court, because what purported to be an appeal bond is not made payable to the county judge of Cameron county, the words, 'county judge,' as used in said bond, being merely descriptio personæ, and that said bond is not made payable to the county judge, or his successors in office," etc.

The fifth and sixth errors assigned by plaintiff in error and his proposition thereunder, are substantially as follows:

"The appeal bond in this case, from the county to the district court, is not signed by the principals, or any of them, or by any one for them; it is merely signed by two parties who are in no wise connected with the case, who are not considered in the body of the bond as sureties."

The bond given on appeal from the county to the dis-

trict court, and which was objected to in this case, was under act August 9, 1876, regulating proceedings in the county court pertaining to estates of deceased persons. 15th Leg., 93.

The bond was payable to H. Klahn, county judge, was conditioned as required by the statute, and in our opinion was a substantial compliance with the same.

The fact that the names of the sureties did not appear in the body of the bond, or that the principals did not sign the same, would not, under repeated decisions of this court, render it invalid. Cooke *v.* Crawford, 1 Tex., 10; Shelton *v.* Wade, 4 Tex., 150; Lindsay *v.* Price, 33 Tex., 280; McKellar *v.* Peck, 39 Tex., 381.

The seventh and eighth errors assigned are, that "the court improperly denied and dismissed the application of plaintiff and petitioner herein for the reason given by the court, to wit: 'Because no indebtedness of said estate was stated in said application,' in this:

"It was necessary that there should be an administrator appointed by the courts of probate to close this administration, in the settlement of the accounts of said estate, and the monies due to it, upon a vacancy occurring in the original administration.

"And because the record in this cause shows that there were, and now is, remaining unsold, in the state of Texas, land belonging to said estate, which, under the provisions of said will, should have been sold and the proceeds remitted to New York and invested; wherefore the provisions of said will are not fully administered in this state, as said will requires."

The reason given by the court for refusing to grant to F. San Roman letters *de bonis non,* was, that it did not appear that the estate was indebted at the time when his application was filed.

An administration *de bonis non* is in legal effect the continuance of the previous administration, and we do

not say but that in a proper case such letters could be granted, though the estate might not then be indebted. The applicant, F. San Roman, however, in our opinion, fails to show affirmatively any error in the legal effect of the judgment below, though the reason assigned for it may have been wrong.   White v. Downs, 40 Tex., 227.

His application was made sixteen years after the will was admitted to probate.   He does not show by the testimony but that all the debts of the estate and the legacies in the will, save that given to one of the contestants, Ida Baker Mallory, have been fully paid off.   He does not appear to have any interest, personally or otherwise, in the estate.   His application for the administration, and which, if granted, would be followed by a sale of the lands, is contested by Mrs. Mallory, the only one, so far as shown by the record, who is now interested in this sale, or for whose benefit there might exist a necessity for the same; and it would seem that if she does not complain a mere stranger should not.   Besides, by a former judgment of the court, still in force and not appealed from, the possession of the property was given to her co-contestant, Watson, for her benefit.

The ninth, tenth and eleventh errors assigned, being all the others relied upon which have not been virtually disposed of, are, that " the court improperly entertained at all the objections of the contestants, A. H. Watson et als., because, under the laws of the state of Texas, they had no legal status in the courts of this state, because they were not 'parties interested,' in this:

" A. H. Watson's appointment as trustee of the said estate by the courts of the state of New York, of itself, conferred upon the said Watson no authority to appear as such trustee, or in any way for said estate, in the courts of the state of Texas.

"Because by the very terms of said will the New York trustee of this said estate was not authorized to, and

could not, take possession of any estate in the state of Texas, but only of money remitted to him by the executor here.

"The said Ida Baker Mallory is not residuary legatee by the terms of said will, but is only entitled to a life estate in the monied interest accruing from said investments as the New York trustee of said estate may make. And she is not, therefore, entitled to the present or future possession of said estate."

Under the facts presented in the record, it is sufficient to say, in answer to the above, that by the former judgment of the court referred to as being still in force and not appealed from, the possession of the property was decreed to the trustee Watson for the benefit of Mrs. Mallory. This was such a recognition of her right to act here, as would be held on a collateral attack in a contest of this character, to constitute him such interested. party as could contest an unnecessary grant of administration. Beside, Mrs. Mallory, who has a direct interest in the proceeds of the sale of this land, was herself a party to both that and the present proceedings.

Judgment affirmed.

AFFIRMED.

[Opinion delivered January 22, 1880.]