## J. S. PALMER v. J. W. SPANDENBERG.

Decided February 26, 1908.

**1.—Appeal Bond—Signature of Principal.**

It is not necessary that an appeal bond be signed by the principal in the bond. It is sufficient if the same is signed by the sureties.

**2.—Appeal—Transcript—Certificate—Presumption.**

The unsworn statement of an appellant, in a motion to dismiss the appeal, that the transcript is incomplete, cannot prevail against the official certificate of the clerk preparing the same to the effect that it contains all the proceedings in the court below.

**3.—Appeal—Incomplete Transcript—Remedy.**

The fact that a transcript does not contain all the proceedings in the trial court is not ground for dismissal of the appeal. The proper remedy is to perfect the transcript by writ of certiorari.

Appeal from the County Court of Brown County. Tried below before Hon. A. M. Brumfield.

*Robt. Russell,* for plaintiff in error.

*Arch Grinnan,* for defendant in error.

KEY, ASSOCIATE JUSTICE.—The defendant in error has submitted a motion to dismiss the writ of error in this case. None of the reasons assigned for dismissal are well taken, and some of them are so obviously untenable as to render discussion unnecessary. Two points only will be noticed. The first is that the writ of error bond, while signed at its conclusion by the sureties, is not so signed by the plaintiff in error. Such signing was not necessary. (Shelton v. Wade, 4 Texas, 148; Lindsay v. Price, 33 Texas, 282; McKellar v. Peck, 39 Texas, 385; Bridges v. Cundiff, 45 Texas, 439; San Roman v. Watson, 54 Texas, 254; Houston & T. C. Ry. v. Lockhart, 39 S. W., 320; Karnes County v. Nichols, 54 S. W., 656.)

The second point is that the transcript is incomplete, because it fails to contain a written waiver of citation by one of the defendants in the court below. The clerk of the court below has certified that the transcript now on file contains all the proceedings in that court, and we can not accept the unsworn statement in the motion, in contradiction of the clerk's certificate, as true. Besides, if the statement

in the motion is correct the defendant is not entitled to have the writ of error dismissed for that reason. His remedy would be a writ of certiorari to perfect the transcript, and he has not asked for that.

*Motion overruled.*