### DULLER v. McNEILL.

(Court of Civil Appeals of Texas. Galveston. Oct. 24, 1913.)

APPEAL AND ERROR (§ 467*)—SUPERSEDEAS BOND—PARTIES—PRINCIPAL.

It is not necessary that a supersedeas bond be signed by the principal, so that the fact that a married woman, who was a party, could not legally sign the supersedeas bond did not affect its validity if the sureties were sufficient.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2230, 2233; Dec. Dig. § 467.*]

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Suit by W. A. McNeill against Carrie Nell Duller and husband. From a judgment for plaintiff, defendant wife appeals, and plaintiff moves to dismiss the appeal. Motion overruled.

Baldwin & Baldwin, of Houston, for appellant.

REESE, J. In a suit by W. A. McNeill against Carrie Nell Duller and her husband, McNeill recovered a judgment for money against both defendants, and foreclosing mortgage and vendor's liens against certain real estate. From this judgment Mrs. Duller appeals. She gave a supersedeas bond signed by herself and several sureties. The bond is payable to McNeill and also against Duller, the husband. Appellee, McNeill, has filed a motion to dismiss the appeal on the ground that Mrs. Duller, being a married woman, cannot bind herself or her separate estate by the execution of such bond, and that it is void as to her.

It seems to be settled by a long line of decisions in this state that it is not necessary that such bond be signed by the principal. Shelton v. Wade, 4 Tex. 148, 51 Am. Dec. 722; Lindsay v. Price, 33 Tex. 280; McKellor v. Peck, 39 Tex. 381; Bridges v. Cundiff, 45 Tex. 439; San Roman v. Watson, 54 Tex. 254; Palmer v. Spandenberg, 49 Tex. Civ. App. 331, 108 S. W. 478.

The motion is overruled.