GUEVARA et al. v. GUEVARA. (No. 6985.)

(Court of Civil Appeals of Texas. San Antonio. March 14, 1923.)

1. Appeal and error ☞937(4)—Appellant's attorney presumed authorized to sign names of principals to appeal bond.

Where an appeal bond is signed only by appellant's attorney, it will be presumed that the attorney was authorized to sign the names of the principals.

2. Appeal and error ☞385(2)—Appeal bond binding on principals, though signed only by sureties.

An appeal bond will bind the principals, though signed only by sureties.

3. Appeal and error ☞376—Appeal bond payable only to appellee held fatally defective.

In trespass to try title to property sold by a municipality to plaintiff, wherein the municipality is joined as a party defendant and is materially interested, an appeal bond given by defendant and payable only to the appellee, and not to the municipality which sold the land to appellee, is fatally defective.

Appeal from District Court, Webb County; J. F. Mullally, Judge.

Action by Arturo M. Guevara against Alphonso Guevara and others. From judgment for plaintiff, defendants appeal. Dismissed.

Mann, Neel & Mann, of Laredo, for appellants.

W. W. Winslow, of Laredo, for appellee.

FLY, C. J. Appellee seeks ·to dismiss the appeal in this case on account of invalid appeal bond. The reasons are: The bond is not signed by the appellants themselves but only by attorney; the attorneys of record are the only sureties; the bond is only payable to appellee and not the city of Laredo which was a party to the suit; the bond does not describe the land in controversy nor give its value; the bond is neither a cost bond nor a supersedeas bond. The case is one of trespass to try title brought by appellee against Arturo M. Guevara, Re-. fugio Gonzales de Castillo, Angela C. de T. Carranza, Rafael Tijerina Carranza, and the city of Laredo, and was a contested case as to all the parties named.

[1, 2] It will be presumed that the attorney was authorized to sign the names of the principals. The bond would bind the principals even though signed by the sureties alone. Pryor v. Johnson (Tex. Civ. App.) 45 S. W. 39; Karnes County v. Nichols (Tex. Civ. App.) 54 S. W. 656; Bridges v. Cundiff, 45 Tex. 439; San Roman v. Watson, 54 Tex. 259.

[3] The bond is defective in not being made payable to the city of Laredo as well

---

as the appellee, which had sold the land to appellee, and is materially interested in the cause.

The cause will be dismissed on account of the defects noted, unless a new bond is filed in this court in 10 days from date of this order.