**WOOLLEY v. NELSON. Sheriff.    (No. 896.)**

(Court of Civil Appeals of Texas.    Beaumont.
March 30, 1923.)

**1. Appeal and error ⟨key⟩714(6)—Record cannot be completed by clerk's certificate as to order not shown.**

An appellate court is not warranted in accepting a certificate of the clerk of the lower court as to a particular order entered therein not shown by the record; the only proper way to complete the record being by writ of certiorari.

**2. Appeal and error ⟨key⟩660(2)—Petition for certiorari to perfect record after hearing on appeal comes too late.**

Where, after affirmance of a judgment on appeal, appellant has filed a motion setting forth that an order sustaining a general demurrer had been previously sustained by the lower court, but had not been shown in the record, and requested a certiorari to perfect the record, *held*, in the absence of any showing why the record was not sought to be completed at an earlier date, that the motion for certiorari came too late; the case having already been submitted and decided.

Appeal from Hardin County Court; Thos. F. Teel, Judge.

Proceedings by G. W. Woolley against W. L. Nelson, as Sheriff of Hardin County. Judgment for defendant. On motion of plaintiff to perfect the record by certiorari after affirmance by the Court of Civil Appeals or for a dismissal of the appeal in the event certiorari is denied. Certiorari denied and appeal dismissed.

B. L. Aycock, of Kountze, for appellant. Coe & Briggs, of Kountze, for appellee.

HIGHTOWER, C. J. In this proceeding the appellant sought by way of a motion filed in the county court of Hardin county against appellee as sheriff of said county, under the provisions of articles 3776 and 3777, Revised Statutes, to collect as a penalty against the sheriff $357.98. It was stated in the motion that the sheriff had failed and refused to make due return of an execution which plaintiff had caused to be issued and placed in his hands, based on a judgment owned by plaintiff against one F. E. Stephen, and also that the sheriff had made a false return on the execution.

The sheriff answered the motion by general demurrer, general denial, and specially denied that he had failed or refused to make due return of the execution, but, on the contrary, he showed that he had made due return of the execution, and he also specially denied that his return was false. The sheriff attached to his answer the execution which it was claimed he had not duly returned, and this execution, with the return thereon, show-ed that it had been returned some 22 days before it was made returnable. There was no evidence adduced upon the trial by either party, other than such as was furnished by the sheriff's return on the execution itself.

Upon hearing of the motion, the same was dismissed by the court, with costs adjudged against the plaintiff. An appeal was prosecuted to this court, and the cause was reached for submission on regular setting March 1, 1923, some 6 months after the record was filed in this court, and on March 8, 1923, the judgment of the trial court was ordered affirmed. On March 12th following the order of affirmance, appellant filed in this court a motion to which was attached a certified copy of an order of the trial court sustaining a general demurrer interposed by the sheriff to appellant's motion in that court. No such order as shown was in the record before us at the time we affirmed the judgment, nor had appellant up to that time made any effort to complete the record by letting it show an order of the trial court sustaining his general demurrer. One of his assignments of error in his brief complained of the action of the trial court in sustaining a general demurrer to his motion, but there was nothing in the record before us showing a record entry of order to that effect by the trial court. In the motion filed on March 12th, appellant requested that we accept the certificate of the clerk as to the order overruling the general demurrer, but that, in the event we declined to do that, we issue a writ of certiorari to the clerk of the lower court to send up the order sustaining the general demurrer in that court.

[1] We could not, of course, in keeping with the rule, accept the clerk's certificate as to the order sustaining the general demurrer; the only proper way to complete the record in this court being by the writ of certiorari. Palmer v. Spandenberg, 49 Tex. Civ. App. 331, 108 S. W. 477; Railway Co. v. Eastham (Tex. Civ. App.) 54 S. W. 648.

[2] As to the motion for certiorari, we were of opinion that it came too late, it not having been made until the case was submitted and decided in this court, and there being no showing or excuse why the record was not sought to be completed at an earlier date, and for that reason we have declined to order the writ of certiorari. H. & T. C. Ry. Co. v. Parker, 104 Tex. 162, 135 S. W. 369; M., K. & T. Ry. Co. v. Hurdle (Tex. Civ. App.) 142 S. W. 992; Trammell v. Rosen (Tex. Civ. App.) 153 S. W. 165; City National Bank v. Watson (Tex. Civ. App.) 178 S. W. 657.

There was, however, an alternative prayer in appellant's motion, requesting us to set aside the submission and judgment of affirmance and dismiss the appeal, in the event we should deny the writ of certiorari. Upon

consideration of this alternative motion, we have concluded that there is no reason why we should not grant this request, and we therefore set aside the order affirming the judgment, and now, at appellant's request, dismiss the appeal in this case.