CROSS et al. v. HANCOCK'S ESTATE.

No. 5575.

Court of Civil Appeals of Texas. Amarillo

Nov. 15, 1943.

Rehearing Denied Dec. 20, 1943.

Roy Sansing, of Higgins, Ed Hoover, Jr., of Canadian, and C. B. Leedy, of Arnett, Okla., for appellants.

R. T. Correll, of Perryton, and F. P. Works, of Amarillo, for appellees.

STOKES, Justice.

On July 10, 1941, the appellants, C. B. Leedy, Marvin Cross, and Roy Sansing, made application to the County Court of Ochiltree County for letters of administration to issue to appellant, Ed Hoover, Jr., upon the estate of Laura J. Hancock, deceased. They alleged that the decedent died intestate on April 4, 1940, in Ochiltree County where she had resided before her death, and at the time of her death she was seized and possessed of real and personal property of the probable value of $6000, describing certain real estate located in Ochiltree County. They alleged that a necessity existed for administration upon the estate in that the decedent was indebted to the appellant, Marvin Cross, and Delpha Cross upon a promissory note dated July 25, 1931, and due twelve months after date in the principal sum of $1000, providing for interest at the rate of ten percent per annum and $100 attorney's fees if placed in the hands of an attorney for collection. They alleged the note was also signed by Walter E. Hancock and Anna Hancock and that, except for a payment of $300, the note with accumulated interest and attorneys' fees was still owing to the payees and that the amount then owing was $1708.50.

John Hancock, a surviving son of Laura J. Hancock, deceased, contested the petition in the county court upon the ground that the claim asserted by appellants was, upon its face, barred by the four-year statute of limitations, Article 5527, R.C.S.1925. A trial in that court resulted in a judgment denying appellants' application, from which they perfected an appeal to the district court where, in a supplemental petition, they were joined by Ed Hoover, Jr., and alleged that he was the owner of a claim for $100 against the estate. The record reveals, however, that his claim consisted of the attorneys' fees provided in the note and it was, therefore, only a portion of the claim asserted by the other applicants. Answering the allegations of the contestant in which he set up the plea of limitations, appellants, in their supplemental pleadings, alleged that the note was executed in the State of Oklahoma and was payable there; that on April 28, 1937, a partial payment was made on the indebtedness; that, under the laws of Oklahoma, such payment operated as a renewal of the note and that, in that state, a written obligation is not barred by limitations until five years after it falls due. They asserted, therefore, that payment of the note had thus been extended until April 28, 1942.

The case came on for hearing in the district court on April 26, 1943, and the court sustained the special exception of the contestant upon the ground that the pleadings of appellants showed upon their face that the obligation alleged by them as constituting the necessity for an administration was barred by our four-year statute of limitations, Article 5527, R.C.S.1925.

Appellants duly excepted to the judgment, gave notice of appeal, and have brought the case to this court for review. They contend, first, that the court erred in holding that their pleadings showed on their face that the note was barred by the four-year statute of limitation; and, secondly, that the court erred in refusing to grant letters of administration upon the estate as prayed for by them.

We think it is unnecessary to discuss the assignments in detail. The principal question presented by them relates to the necessity for an administration.

588

Article 3356, R.C.S.1925, provides that no administration upon any estate shall be granted unless there exists a necessity therefor, such necessity to be determined by the court hearing the application. While appellants alleged in a general way that there were claims against the estate other than the note held by them, no such claims were described nor in any way identified and no claim is asserted in the brief or otherwise that any obligations, other than appellants' note, were due by the estate. The case proceeded through both the county court and the district court without reference to any other claims and we must assume that no other claims existed. Moreover, there is no contention that the interests of a widow or children are in any way involved. It is a well-recognized general rule that there must be an executor or administrator representing an estate to enable a creditor to bring suit to subject property of the decedent to the payment of his debt. The purpose of the rule is mainly to protect creditors and the widow and minor children in their respective rights. But there are well-recognized exceptions to the rule and one of them is that where only one claim exists against the estate and no interests of the widow or minor children are involved, an administration upon the estate is not necessary, because the creditor may go into a court of competent jurisdiction in a suit against the heirs and subject the property to any just claim he may have. Faulkner v. Reed, Tex.Com.App., 241 S.W. 1002; Rogers v. Barbee, Tex.Civ.App., 32 S.W.2d 666; Williams v. Tooke, Tex.Civ. App., 116 S.W.2d 1114; Mott v. Riddell, 2 Posey Unreported Cases 107; Murphy v. Menard, 14 Tex. 62; Chandler v. Hudson, 11 Tex. 32; Patterson v. Allen, 50 Tex. 23.

Under the well-recognized exception to the general rule, as expressed by the courts in the cases above cited, and many others that could be cited, appellants failed to show a necessity for the administration applied for by them and even if their claim was not barred by limitation and was a valid claim against the estate, still they were not entitled to subject the estate to processes of administration merely for the purpose of litigating one claim against it. It is manifest, therefore, that the court below entered the proper judgment and appellants' assignments of error will be overruled.

Appellees present counter propositions in which they contend that neither the district court nor this court acquired jurisdiction of the appeal because (a) the county judge did not set the amount of the appeal bond from the county court, (b) the bond was not filed in the county court as required by Art. 3699, R.C.S., and, (c) that three of the appellants did not sign the bond as principals. These assignments are overruled. The record does not show that the county judge did not set the amount of the bond and it will be presumed, in the absence of a showing to the contrary, that he, being a public official, discharged his duty under the statute. While the bond does not contain the file mark of the county clerk, it contains his approval dated August 9, 1941, only five days after the judgment was entered, and in the bill of costs he made a charge for filing it on that day. It was filed in the district court and we think it is clear that it was among the papers in the case and considered by all parties as being part of the record. It was signed by Marvin Cross as principal and Roy Sansing and two others as sureties and shows that all of the appellants participated in the appeal. Guevara v. Guevara, Tex.Civ.App., 249 S.W. 525; Palmer v. Spandenberg, 49 Tex.Civ.App. 331, 108 S.W. 477; Maddux v. Booth, Tex.Civ.App., 108 S.W.2d 329.

In our opinion, no error was committed by the court below, and its judgment will be affirmed.