## MARY FREEMAN v. COLLIER RACKET COMPANY.

### No. 1719. Decided October 30, 1907.

**Practice on Appeal—Jurisdiction—Transcript—Certificate.**

The jurisdiction of the Court of Civil Appeals does not depend on the character of the certificate of the clerk to the transcript. If not certified or if the certificate be defective, upon motion seasonably made the court might dismiss the case; but such motion filed after the Appellate Court had rendered its judgment comes too late. (P. 63.)

Questions certified from the Court of Civil Appeals for the First District, on appeal from Galveston County.

*Harris & Harris* and *Jas. B. & Chas. J. Stubbs,* in support of motion to dismiss.

It is the duty of appellant to file correct and complete transcript. Ross v. McGowen, 58 Texas, 603; Hayslip v. Pomeroy, 32 S. W. Rep., 125.

That the appeal in this case should be dismissed. Rev. Stats., arts. 1410, 1411, 1416; Rules 8 and 9 for Court of Civil Appeals; Dist. Court Rules, 84, 85, 94; Duggan v. Cole, 2 Texas, 381; Martin v. Latimer, 4 Texas, 335; Jenkins v. McNeese, 34 Texas, 190; House v. Williams, 40 Texas, 360; Watts v. Overstreet, 78 Texas, 571; San Antonio v. Smith, 65 S. W. Rep., 41; Paris & G. N. R. R. Co. v. Brown, 83 S. W. Rep., 28; Connor v. Downes, 74 S. W. Rep., 781; Sweeney v. State, 5 Texas App., 41; St. Louis v. Bird, 31 Mo., 88; Labat v. Decuir, 33 La. Ann., 350; Caulk v. Fox, 13 Fla., 147; Heard v. Lowry, 5 Ark., 474; Wells v. Long, 6 Ark., 252; State v. Fink, 49 Kan., 577; State v. Ricker, 40 Kan., 14; Penn. Co. v. R. R. Co., 55 Fed. Rep., 131; Bertrand v. Taylor, 87 Ill., 235; Brashears v. Holcomb, 43 S. W. Rep., 244; Shewey v. Manning, 14 Wis., 448; Dill v. White, 37 Wis., 617; Lego v. Shaw, 38 Wis., 401: Carpenter v. Shepardson, 43 Wis., 406; Keene v. Whittaker, 13 Peters, 459; Curtis v. Petitpain, 18 How. (U. S.), 110; 2 Encyc. Pl. & Practice, 283-286.

That this motion does not come too late see above cases which treat the matter as jurisdictional; also rules 94, 8 and 9, C. C. A., above cited; also in particular, Martin v. Latimer, 4 Texas, 335, where the Texas Supreme Court entertained the motion to dismiss at the term after it had decided the case and issued its mandate; the mandate was revoked and the cause dismissed for lack of jurisdiction.

*Maco & Minor, Stewart* and *Geo. T. Burges,* contra.—Appeal perfected by filing appeal bond. Sayles Rev. Stats., art. 1387.

Motion comes too late. Rules 8 and 9—67 S. W. Rep., xiv.

Motion to dismiss for defective certificate comes too late after appeal submitted. Walker v. Hill, 12 N. E. Rep., 388.

Where transcript defective certiorari should be granted to perfect record and writ issue to district clerk commanding him to perfect same. Garnet v. McIntyre, Dallam, 607.

Where clerk's certificate defective, it is held that the imperfectly authenticated transcript is sufficient to retain the cause on the docket of the Appellate Court. Rogers v. State, 43 Texas, 407; Lockwood v. State, 1 Texas App., 749; Sweeney v. State, 5 Texas App., 41.

As to right to withdraw transcript and amend certificate, see Brown v. Brandenberg, opinion and judgment of this court as entered in Minute Book 5, page 235; Hodges v. Vaughan, 19 Wall., U. S., 12.

As to writ of certiorari. Mays v. Forbes, 9 Texas, 436; Wright v. Bonta, 19 Texas, 385; Western U. Tel. Co. v. O'Keef, 87 Texas, 423; Wichita Valley Ry. Co. v. Peery, 87 Texas, 597; Gulf, C. & S. F. Ry. Co. v. Cannon, 88 Texas, 312; San Antonio & A. P. Ry. Co. v. McDonald, 31 S. W. Rep., 72.

MR. JUSTICE BROWN delivered the opinion of the court.

Certified question from the Court of Civil Appeals for the First District, as follows:

"This cause is pending before us on appeal. The transcript was filed in this court by appellant on the 19th day of February, 1906. The statutory time within which the transcript could have been filed without excuse duly made for delay expired on the 9th day of March, 1906.

"This cause was submitted upon briefs and oral argument for both parties on the 25th day of October, 1906. We reversed the judgment of the trial court on the 8th day of November, 1906, and rendered judgment for appellant.

"The appellees in due time filed a motion for rehearing which was duly submitted on the 5th day of December, 1906. Pending the motion we certified for your decision the controlling question in the case. That question has been answered and the answer certified to this court.

"On April 24, 1907, the appellees filed a motion to dismiss the appeal on the ground that the clerk's certificate to the transcript was

a nullity because it did not certify that the transcript contained *all* the proceedings had in the cause in the court below.

"The certificate in question is as follows:

" 'The State of Texas,)
.County of Galveston. )

" 'I, J. C. Gengler, Clerk of the District Court of and for the County of Galveston, State of Texas, do hereby certify that the foregoing 43 pages contain a true and correct transcript of all certain proceedings had in said court in cause numbered 25499, entitled Mary Freeman, plaintiff, v. The Collier Racket Company et al., defendants, as all the same appear on file and of record in my office.'

"It is dated February 16, 1906, and is duly signed and sealed by J. C. Gengler as clerk of the court.

"The original as it appears in the transcript was written on a printed form which as printed is in strict compliance with the statute and rule. At the point where the printed form reads, "all the proceedings" the clerk ran his pen through the word "the" and interlined the word "certain" so that the certificate was made to read as the copy above indicated.

"In reply to the motion to dismiss the appellant offers the affidavit of the district clerk to the effect that he changed the printed form in the respect indicated because the transcript of the official stenographer was a part of the proceedings in the court below, but was not embodied and could not be legally embodied in the clerk's transcript, and therefore he could not truthfully certify that his transcript contained all the proceedings had in the court below, and that by the language used in his certificate he intended to certify that his transcript contained all the proceedings which he could lawfully embody therein.

"On November 22, 1906, appellees suggested a diminution of the record and applied for a writ of certiorari from which and the agreement of counsel for appellant it appeared that certain special charges requested by appellees and refused by the trial court had not been embodied in the clerk's transcript.

"The only reason assigned for dismissal is the alleged defect in the clerk's certificate, and thereunder the contention is made that in the absence of a proper certificate the transcript before us is a nullity and that this court had no jurisdiction to render judgment herein and has no right to further consider this appeal.

"Upon the facts stated we respectfully certify for your decision.

"First. Is the clerk's certificate to the transcript valid?

"Second. If you answer that it is invalid, should the appeal be dismissed or has this court the discretion to allow the transcript to be withdrawn and the certificate amended?

"Third. If the certificate is invalid, has the defect been waived by the failure of appellees to sooner move to dismiss?

"Fourth. Should the motion for any reason be sustained?

"Because in many cases on our docket the transcripts are in like condition as to the clerk's certificate and because we are not inclined

to follow the case of Railway Company v. Brown, 83 S. W., 28, decided by the Court of Civil Appeals of the Third District, holding the matter jurisdictional, we deem it wise to certify for your decision the foregoing questions."

To the above questions we answer that the jurisdiction of the Court of Civil Appeals does not depend upon the character of the certificate of the clerk to the transcript. If the transcript be not certified or if the certificate be defective, upon motion seasonably made, the court might dismiss the case. Watts v. Overstreet, 78 Texas, 571. The motion in this case being filed after the Court of Civil Appeals had rendered its judgment, came too late and should not be sustained.