GUTHERIDGE et al. v. GUTHERIDGE.

(Court of Civil Appeals of Texas. Amarillo. April 5, 1913. On Motion to Dismiss Appeal, May 24, 1913.)

1. APPEAL AND ERROR (§ 612*)—TRANSCRIPT OF RECORD—SUFFICIENCY OF CERTIFICATE.

Under Rev. Civ. St. 1911, art. 2109, requiring a transcript to contain a full and correct copy of all proceedings in the case, and article 2114, requiring the clerk to certify the correctness of the transcript, and to state whether it was a transcript of all the proceedings, or a transcript under articles 2110, 2111, 2112, providing for partial transcripts under certain circumstances, a certificate of the clerk that the transcript is a correct copy of the proceedings, "as per order for papers filed," which order was signed only by the attorney for the appellant, is defective.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2694–2701; Dec. Dig. § 612.*]

2. APPEAL AND ERROR (§ 659*)—OMISSION—OMISSIONS IN TRANSCRIPT—CERTIORARI.

Where the transcript of record does not contain the findings of fact and conclusions of law by the trial court, the appellee is entitled to a writ of certiorari to the clerk of the lower court to secure a supplemental transcript.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2834–2843; Dec. Dig. § 659.*]

On Motion to Dismiss Appeal.

3. APPEAL AND ERROR (§ 760*)—DISMISSAL—GROUNDS—DEFECTIVE BRIEFS.

A motion to dismiss the appeal and affirm the judgment is well taken where the brief for appellant does not refer to assignments of error in the motion for a new trial, as required by Court of Civil Appeals rules 24, 25, and 31 (142 S. W. xii and xiii), but where the case cannot be heard for some time on its merits, the appellant will be permitted to file a new brief.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3095; Dec. Dig. § 760.*]

4. APPEAL AND ERROR (§ 527*)—CONTENTS OF RECORD—FINDINGS OF FACT AND CONCLUSIONS OF LAW.

Findings of fact and conclusions of law filed by the trial court at the request of a party are properly part of the record, and will not be stricken from the transcript, even though the judge had agreed with the other party not to file such conclusion, since that agreement was contrary to law.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2381–2383; Dec. Dig. § 527.*]

Appeal from District Court, Collingsworth County; D. E. Decker, Judge.

Action between R. W. Gutheridge and others and Alice Gutheridge. From a judgment for Alice Gutheridge, R. W. Gutheridge and others appeal. On motion of Alice Gutheridge to dismiss the appeal on account of a defect in the certificate of the clerk of the district court and for a writ of certiorari to secure a supplemental transcript. Certiorari granted, and motion sustained, with leave to appellants to correct the certificate. On subsequent motion by the appellee to dismiss the appeal and affirm the case for defects in the brief and motion by the appellants to strike portions of the transcript. Motion of appellee sustained with leave to the appel-

lants to file a new brief and motion of appellants overruled.

R. H. Templeton, of Wellington, and Crudgington & Works, of Amarillo, for appellants. J. L. Lackey, of Wellington, and Presler & Thorne, of Memphis, for appellee.

HUFF, C. J. [1] The appellee moves to dismiss the appeal in this case because the certificate of the clerk of the district court does not comply with the statutes and rules. The certificate is in the following form: "I, O. L. Couch, clerk of the district court in and for Collingsworth county, Texas, hereby certify that the foregoing transcript is a true and correct copy of the proceedings had in this cause, as per order for papers filed and that the above and foregoing contains a true and correct copy of the instruments set out, as per the originals now on file with the papers in this cause."

Article 2109, Revised Statutes 1911, provides that the transcript shall "contain a full and correct copy of all the proceedings had in the cause."

Article 2114 requires the clerk to certify to the correctness of the transcript. His "certificate shall state whether the same be a transcript of all the proceedings in the cause or the transcript provided for in articles 2110, 2111, and 2112." The transcript does not show it was prepared under any of the exceptions named in the above articles. Rule 94 for district courts (142 S. W. xxiv) directs the clerk to make a certificate that the transcript contains all the proceedings. It will be seen from the certificate it does not comply with the statute or the rules. He certified it is a correct copy of the proceedings had in the cause "as per order for papers filed." This order appears to be a request for the transcript by the attorney for the defendants (appellants herein). The other party, or her attorneys, do not sign it or agree thereto. Under the statute and rules and the decisions of the courts the certificate is defective. Freeman v. Collier Racket Co., 101 Tex. 60, 104 S. W. 1042; Watts v. Overstreet, 78 Tex. 571, 14 S. W. 704; Railway Company v. West, 152 S. W. 181.

Being an irregularity, a motion having been timely made, the case could be dismissed, but we have concluded to permit the transcript to be withdrawn and the clerk directed to attach thereto a correct certificate in accordance with the statute and rules. We believe, however, that the appellant should be taxed with the costs of the transcript and all costs necessary for correcting the certificate.

[2] Appellee also sets up, by proper petition, a diminution of the record, in that the findings of fact and conclusions of law by the trial court are not in the transcript, and prays that she be granted a writ of certiorari, issued to the clerk of the district court of

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

. Collingsworth county, Tex., to prepare a supplemental transcript, containing a copy of the findings of fact and conclusions of law by the trial court, to be sent up to this court. We think the prayer should be granted and the writ prayed for issued, and we therefore order the issuance of the writ. Twenty days from this date is given in which to correct the certificate and complete the record as prayed for, and, if the certificate and record are not filed within that time, the case will be dismissed. ·

### On Motion to Dismiss Appeal.

[3] The appellee presented her motion to dismiss the appeal and affirm the case, for the reason that appellants in briefing the case have not complied with rules 24, 25, and 31 (142 S. W. xii, xiii). We find that appellants have failed to refer in their assignments to the motion for new trial, upon which the several assignments are based, either in the assignment or statements, and the motion as to that point is well taken. We do not feel warranted in affirming the case upon the failure to consider such reference without an examination of the entire record for fundamental error. We think it would be improper for us at this time to say whether or not there was fundamental error, and the motion to dismiss the appeal will therefore be overruled, and the case will not be affirmed at this time, but we sustain the motion with reference to the briefing of the case and in the failure to refer to the motion for new trial. But appellants in this case also filed a motion, requesting us, in case we find the brief defective, to permit them to amend or file new brief. It appearing to the court that this case has been heeled and not likely to be reached until the fall term of the court, and there are several months before the case will be submitted, we think no injustice will be done appellee by permitting appellant to file new brief, and we therefore grant the motion to file new brief, in accordance with rules governing this court. We will require appellants to file their brief in this court within 30 days from the 24th of this month (May), and that they serve appellee's attorneys with a copy thereof.

[4] Appellants have filed motion with sworn affidavits, etc., with reference to the supplemental transcript containing the findings of fact and conclusions of law filed by the trial court, asking this court to strike out such findings of fact and conclusions of law. That motion will be overruled; it appearing, from the affidavits in this case and the statement by the trial judge, that said conclusions were filed by the trial court at the request of appellee, and was and is properly a part of the record of this case. The appellants claim that they had an agreement with the court not to file such conclusions. Such an agreement could not law-

fully be made, as the appellee had the right to request and have filed such conclusions.

The case will stand upon the record for submission after the filing of proper brief, or upon consideration of the briefs on file.