### J. M. RADFORD GROCERY CO. et al. v. OWENS et al.

(Court of Civil Appeals of Texas. Amarillo. July 5, 1913.)

**1. APPEAL AND ERROR (§ 612*)—TRANSCRIPT OF RECORD—SUFFICIENCY OF CERTIFICATE.**

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2694–2701; Dec. Dig. § 612.*]

**2. APPEAL AND ERROR (§ 612*)—CONTENTS OF TRANSCRIPT—INJUNCTION BOND.**

Under Rev. Civ. St. 1911, art. 2109, requiring a transcript to contain a full and correct copy of all of the proceedings, a certificate which states that the transcript contains all the proceedings except the injunction bond is defective, and the court cannot say, on motion to strike the transcript, that the bond is an unnecessary or immaterial part of the record.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2694–2701; Dec. Dig. § 612.*]

**3. APPEAL AND ERROR (§ 642*)—DEFECTIVE CERTIFICATE—CORRECTION.**

Under Court of Civil Appeals rules 1 and 8 (142 S. W. x, xi), providing for the amendment of a transcript, the court may, in such a case, permit the appellant to withdraw the transcript and correct the certificate.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 642.*]

**4. APPEAL AND ERROR (§ 543*)—CONTENTS OF RECORD—SUPPLYING LOST PAPERS.**

Where it appears that the injunction bond has been lost from the files of the court below, it should be substituted in the record by proper proceedings in that court, so as to be brought up to the Court of Civil Appeals.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2409–2411; Dec. Dig. § 543.*]

**5. APPEAL AND ERROR (§ 361*)—PETITION—DESIGNATION OF COURT.**

Under Rev. Civ. St. 1911, art. 2088, requiring a petition for a writ of error to state only that the petitioner desires to remove the case into the Court of Civil Appeals, a statement as to the particular district to which the case shall be taken is surplusage, and, if incorrect, does not affect the validity of the writ.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1941–1959; Dec. Dig. § 361.*]

**6. APPEAL AND ERROR (§ 361*)—PETITION FOR CITATION—CLERICAL ERROR.**

Where a prayer for a citation incorrectly states the first initial of the defendant in error, but the initials are correct elsewhere in the

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

petition, and the citation was issued in the correct name, the error is a clerical one which does not require a dismissal of the writ.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1941–1959; Dec. Dig. § 361.*]

Error to Foard County Court; T. W. Staton, Judge.

Action between the J. M. Radford Grocery Company and others and R. T. Owens and others. From a judgment in favor of R. T. Owens and others, the J. M. Radford Grocery Company and others bring error. On motion to strike the transcript and dismiss the writ of error. Motion to strike the transcript sustained, and motion to dismiss the writ overruled.

A. H. Kirby, of Ft. Worth, and R. W. Haynie, of Abilene, for plaintiffs in error. R. S. Houssels and J. Shirley Cook, both of Vernon, for defendants in error.

HUFF, C. J. [1] The appellees in this case present three motions. The first motion is made to 'strike out the transcript. This is based on the ground that the certificate to the transcript of the county clerk is defective. The clerk certifies "that the foregoing 49 pages contain a true and correct transcript of the record of all the proceedings had in the cause except the injunction bond." The transcript was filed June 4, 1913, and the motions herein filed June 18, 1913. It is urged the certificate of the county clerk is defective in that the word "true" is used instead of "full." While article 2109, Revised Statutes, uses the word "full," it will be noted that article 2114 provides "the certificate shall state whether the same be a transcript of all the proceedings in the cause." Rule 94 for the district and county courts (142 S. W. xxiv) requires the certificate to certify that the transcript contains "a true copy of all proceedings." The certificate in this case complies with the statute and rules quoted in the particular above mentioned. If this were not true, we nevertheless think it is a substantial compliance with article 2109.

[2] The real objection to the certificate is in the statement, "except the injunction bond." In answer to the motion, appellant urges that leaving out the injunction bond is immaterial. Upon this motion we cannot ascertain this to be true. The statute requires .all proceedings to be brought up except certain designated portions of the record. The injunction bond is .not one of them. Therefore we are not permitted to say on motion that it is unnecessary or immaterial in the transcript. The certificate being insufficient in the last particular mentioned,. the motion must be sustained. Railway Company v. Armstrong, 83 S. W. 29; Watts v. Overstreet, 78 Tex. 571, 14 S. W. 704.

[3] As we understand, however, we may permit the appellant to withdraw the transcript and correct the certificate thereto. Rules 1 and 8 for Court of Civil Appeals (142 S. W. x, xi); Freeman v. Collier, 101 Tex. 60, 104 S. W. 1042; Ry. Co. v. West, 152 S. W. 181; Gutheridge v. Gutheridge, 159 S. W. 452, not yet officially reported, decided by this court, April 5, 1913.

[4] Appellant requested the county clerk to send up a certified copy of the injunction bond. The clerk, by his certificate filed in this court, declares that the injunction bond has been lost, and that it is not on file with the papers in the court below. This injunction bond should be substituted by proper proceedings instituted in that court for that purpose, and a motion made to bring up a certified copy to this court, or certified copy of the original. We will grant the appellant until the 1st day of October, 1913, in which to withdraw the transcript and correct the certificate thereto and to substitute and. bring up to this court as part of the record herein a duly certified copy of the injunction bond.

[5] There is also a motion to dismiss the writ of error and a motion to strike out the writ of error bond. The petition for writ of error alleges, on account of the many errors, "petitioners desire to remove the said judgment and order to the Court of Civil Appeals in and for the Second judicial district." The writ of error bond is conditioned that "plaintiffs in error will prosecute their writ of error with effect, and shall pay all costs which have accrued in the court below and which may accrue in the Court of Civil Appeals and in the Supreme Court." Article 2088, Revised Statutes of 1911, prescribing the requisites of the petition for writ of error, does not require that the number of the Court of Civil Appeals should be given. All that is required to be stated is that: "He desires to remove the same to the Court of Civil Appeals for revision." This is stated in the petition in question. Foard county, the county from which this appeal is taken, is by law within the Seventh supreme judicial district, and appeals or writs of error are made returnable to this court from that county. We think the statement "for the Second judicial district" may be treated as a mere matter of surplusage, and does not affect the validity of the petition for the writ of error.

[6] It also appears that in the prayer for citation the petitioner prayed that citation issue to "W." T. Owens, instead of R. T. Owens. But throughout the petition the initials "R. T." are correctly given, and in quite a number of places. The citation was properly issued on the petition, commanding that R. T. Owens be served and the return thereon shows that R. T. Owens was properly served. R. T. Owens, by attorneys, is now in this court, urging a motion for the dismiss-

al of this appeal. We think he was sufficiently notified of the court before which he was to answer for the alleged errors in the trial of the cause, and the initial as given in the prayer in the petition for writ of error shown to be a clerical error, and no injury can possibly result to the appellees in this case, and he is properly, so far as the petition for writ of error is concerned, before this court, and the motions will therefore be overruled.