### DAVIS et al. v. PEURIFOY et al.

#### No. 13318.

Court of Civil Appeals of Texas.
Fort Worth.

Feb. 21, 1936.

Rehearing Denied March 27, 1936.

Geo. M. Hopkins, of Denton, for appellants.

P. G. Peurifoy, of Dallas, for appellees.

BROWN, Justice.

This is an appeal from an order overruling pleas of privilege filed by M. M. Davis, independent executor of the estate of F. C. Davis, deceased, and by R. M. Barnes and E. D. Miller.

It appears from the transcript that on April 26, 1934, appellee P. G. Peurifoy filed suit in the Sixty-Eighth district court of Dallas county against one Mack Bean for

debt and foreclosure of a chattel mortgage lien on certain personal property situated in his hotel in Glen Rose, Somervell county, Tex., and in which plaintiff prayed for the appointment of a receiver to take charge of the property so sought to be subjected to the plaintiff's asserted lien. The receiver thus appointed filed, on November 9, 1934, his original report, embodying an order of the trial court appointing such receiver, and ordering the receiver to take charge of and sell the property involved, and reciting that such receiver sold the property to P. G. Peurifoy on November 7, 1934; he being the highest bidder. The trial court entered an order approving the sale.

On December 27, 1934, appellee Peurifoy filed in the 101st district court of Dallas county an amended petition in which he complained of the original defendant Mack Bean, and of M. M. Davis, independent executor as aforesaid, and of R. M. Barnes, E. B. Miller and W. T. Orr. Davis is alleged to be a resident of Atascosa county, Tex., and Barnes, Miller, and Orr residents of Denton county, Tex.

This petition complains of Bean and asserts the same cause of action that was asserted in the original petition, and a receiver is prayed for in this amended petition; and the further allegations are made that D. W. Pope was appointed receiver on the original application of Peurifoy, and said receiver was ordered to sell, and did sell, the property involved, and that same was sold to Peurifoy under the orders of the court and the sale thereafter approved, and a bill of sale issued to Peurifoy; and that on or about November 10, 1934, the plaintiff Peurifoy started to remove the property from the hotel at Glen Rose, Tex., and had removed about one-third of same when he was enjoined from further removing such property by an injunction issued out of the district court of Denton county, Tex., in a suit filed by M. M. Davis, as independent executor of the estate of F. C. Davis, deceased; and that said district court required the said Davis to post a bond in the sum of $500, payable to Peurifoy, to secure him for any damages that he might suffer from the wrongful issuance of such injunction; and that Barnes, Miller, and Orr were and are the sureties on such bond.

Plaintiff alleged that the injunction was wrongfully issued, and that as a direct and proximate result of the issuance of the injunction Peurifoy has suffered injury and damages in the amount of $500 through the loss of the property, or through conversion by the said Davis to his use and benefit, or through theft and destruction subsequent to the time the injunction was issued. In this amended petition Peurifoy prayed for judgment for his debt against said Bean and for judgment against Davis, executor as aforesaid, and Barnes, Miller, and Orr in the sum of $500.

M. M. Davis filed in due season his plea of privilege, and Barnes and Miller likewise filed their joint plea of privilege. All of said three defendants, appellants here, likewise filed pleas in abatement.

Peurifoy filed a controverting affidavit to meet Davis' plea of privilege, in which he alleged, in substance, the nature of his suit against Bean, and that at the time of the institution of such suit he had no knowledge that Davis was claiming any right, title, interest, or lien on the personal property involved, and that, upon discovery of such claim, Davis was made a party to the suit as a necessary "and or" proper party, since his claim or lien, if any, was second and inferior to Peurifoy's claim.

Peurifoy's controverting affidavit, filed to meet the plea of privilege filed by Barnes and Miller, alleges the substance of his suit against Bean for debt and foreclosure, and that thereafter on or about November 10, 1934, Davis, said independent executor, filed suit in Denton county against Peurifoy and secured an injunction restraining him as purchaser from removing the personal property involved; that Davis took physical possession of the property and refused to permit same to be removed by Peurifoy; that no final judgment has been entered in the suit against Bean; that Barnes and Miller were sureties on the injunction bond executed by Davis; that Davis, principal on the bond, is the proper party to his suit; and that the trial court having venue to try such cause against Davis has venue to try same as against Barnes and Miller, his sureties, under subdivision 29a of article 1995, Vernon's Ann. Civ.St.

No evidence or testimony of any character was introduced by Peurifoy to support either of his controverting affidavits, and there is no statement of facts before us.

In the transcript we find a bill of exceptions duly approved by the trial court, which specifically states that the only evidence introduced on the hearing of the pleas of privilege consisted of a certified copy of the plaintiff's original petition in the case of M. M. Davis, Executor of the Estate of F. C. Davis, Deceased, v. Mack Bean et al.,

No. 926, pending in the district court of Somervell county, Tex., which petition was filed in such district court on the 16th day of November, 1934, in which the said Davis, as such executor, sued Mack Bean, J. B. Lloyd and wife, Bessie Lloyd, P. G. Peurifoy, and Robinson Brewington Lumber Company, a corporation, to recover against said Bean and Lloyd on a promissory note in the principal sum of $25,000, executed by Lloyd and wife on October 17, 1932, payable to the order of R. M. Wilson and secured by a vendor's lien and deed of trust lien on a certain lot, fully described, in the city of Glen Rose, Somervell county, Tex., together with the hotel situated thereon, and to foreclose a vendor's and mortgage lien as against all the defendants on all of the furniture and fixtures situated in such hotel.

The certified copy of such original petition was introduced in evidence in support of the pleas in abatement which were filed subject to the pleas of privilege.

It will be noted that Davis' suit in Somervell county for debt and foreclosure was filed on November 16, 1934, while the amended petition in the cause before us was filed on December 27, 1934.

There are no briefs for the appellees, and the statements found in appellants' brief and in the transcript of the record before us are not challenged by appellees, and with such record before us, we are warranted in finding that Peurifoy introduced no evidence to support his controverting affidavit, and that the only evidence introduced on the hearing of the pleas of privilege was the certified copy of Davis' petition filed in the district court of Somervell county.

▆▆▆▆ It is fundamental that a plaintiff, in order to meet the issue of venue, when confronted by a plea of privilege filed by a nonresident defendant, has the burden of proof cast upon him to show some statutory exception to the exclusive venue pleaded by the defendant. Peurifoy made no effort to meet this burden. Furthermore, it appears from Peurifoy's amended petition that he seeks to recover damages against Davis, the executor, and Barnes and Miller, the sureties on Davis' injunction bond, and such a cause of action cannot be properly joined in a suit for debt and foreclosure against Bean in order to give the district court of Dallas county venue and jurisdiction over Davis, Barnes, and Miller.

There are several interesting questions involved in this appeal which we do not deem necessary to pass upon. Inasmuch as the executor Davis prays first that the cause of action asserted against him be removed to Denton county, where the codefendants Barnes and Miller reside, and only in the alternative that same be removed to the county of his residence, Atascosa county, and Barnes and Miller having prayed that the cause be removed as to them to the district court of Denton county, it is the order of this court that the judgment of the trial court overruling the pleas of privilege of Davis, executor, and Barnes and Miller be reversed and judgment here rendered sustaining said pleas of privilege, and the clerk of the district court of Dallas county is here ordered to transfer said cause of action, so far as it affects the said Davis, Miller, and Barnes, to the district court of Denton county. .

Reversed and remanded, with instructions.

## On Motion for Rehearing.

▆▆▆▆ The appellee not having filed briefs, we are not certain that we should consider his motion for a rehearing. But we have considered it and desire to make the following observations:

In the first place, appellee urges, as a reason for granting his motion for rehearing, that he never received a notice advising him when the cause would be submitted, and having no knowledge of the date of submission, he prepared and filed no briefs.

This cause was filed in the Court of Civil Appeals for the Fifth Judicial District at Dallas on April 12, 1935, and was not submitted until February 3, 1936, practically ten months after it was filed. Appellee had notice that it was on file in the Court of Civil Appeals at Dallas.

When the Supreme Court equalized the dockets of the several Courts of Civil Appeals, in June, 1935, and this cause was transferred to our court at Fort Worth, we feel quite certain that the efficient clerk of the Court of Civil Appeals at Dallas notified appellee of the transfer. We do know absolutely that on June 19, 1935, the clerk of our court wrote appellee a letter advising him of the transfer of the cause, and this letter closed with the following language: "This case is No. 13318 on the docket of this court and will likely be reached for submission sometime in January, 1936."

A copy of this letter is in the file and is a part of the record before us.

Appellants' briefs were filed on January 4, 1936, and although appellee had notice

from the clerk of this court that his case would likely be reached "some time in January, 1936," nevertheless he made no inquiry concerning his case, and wakes up to the fact that he has not briefed it after judgment has been rendered against him. Furthermore, the records of this court show that notice was sent to appellee about eight weeks before the cause was submitted, advising him the date of submission.

The next proposition that appellee presents is that the transcript is not complete and does not correctly reflect the facts of the situation, and that if he had known this, he would have been entitled to correct the transcript before submission. This is true, but it is likewise true that it was appellee's duty to know what was in the transcript before it was submitted, and to move to perfect the record before the cause was submitted, and it is settled law in this state that no amendment can be made to the record after a cause is once submitted.

The remaining portion of appellee's motion deals with matters which he claims he could have shown in the record had he but known that the case was going to be submitted. And he has attached to his motion some affidavits in support of his contention. These we are without authority to consider.

He has attached also to his motion one copy of what purports to be appellee's brief. We believe that the brief comes too late and we decline to consider it.

The motion is overruled.