## CHILDS v. CHILDS.
### No. 3126.

Court of Civil Appeals of Texas.
Beaumont.

May 19, 1937.

Rehearing Denied June 2, 1937.

Sanders & McLeroy, of Center, for appellant.

J. R. Anderson, of Center, for appellee.

O'QUINN, Justice.

This is an appeal from a judgment of the district court of Shelby county, Tex., in a probate proceeding. In considering the appeal, we are met at the threshold with a motion to dismiss the appeal. The transcript was filed in this court on November 12, 1936. Within thirty days thereafter, on December 12, 1936, appellee filed her motion to dismiss the appeal because the transcript was not properly authenticated by the clerk of the district court of Shelby county as required by article 2282, R.S.1925, in that said clerk had failed to certify that the transcript contained a full and correct copy of all of the proceedings had in the cause, but certified that the transcript contained a true and correct copy of certain papers named in the certificate, nor did the certificate state that any omitted portion of the proceedings was in pursuance of an agreement of the parties approved by the judge who tried the cause.

The certificate recites: "I, Carroll Campbell, clerk of the District Court in and for Shelby County, Texas, do hereby certify that the above and foregoing is a true and correct copy of the following named papers to-wit," and then follows the enumeration of the instruments and matters, and concludes, "as same appear of record and on file in my office in Cause No. 10315, in the Estate of Marlie Childs, Deceased."

Article 2282, R.S., provides: "The clerk shall certify to the correctness of the transcript and sign the same officially with the seal of the court attached. Such certificate shall state whether the same be a transcript of all the proceedings in the cause, or a transcript agreed upon by the parties."

It is obvious that the certificate does not comply with the statute. Except in those instances of agreement of the parties to omissions from the transcript provided by articles 2279 and 2280, R.S., the transcript must contain a "full and correct copy of all the proceedings had in the cause." Article 2278, R.S.1925. Rules 84, 85, and 94, for

District and County Courts. The certificate to the transcript, under the law, being wholly insufficient, and the motion to dismiss having been timely filed, it should be sustained. Freeman v. Collier Racket Co., 101 Tex. 60, 104 S.W. 1042.

Appellee's motion to dismiss the appeal was taken with the case, and the cause was set for submission, and was duly submitted to this court on April 22, 1937. Since submission, appellant has filed motion for permission to withdraw the transcript and have the clerk to duly and legally certify same. While the early decisions relating to this question are not in accord as to whether a record should be allowed to be withdrawn after the submission of the cause in the Court of Civil Appeals for the purpose of perfecting or correcting same, since the amendment of rule 22 by the Supreme Court, as announced in Houston & T. C. Ry. Co. v. Parker, 104 Tex. 162, 135 S.W. 369, 371, March 15, 1911, it seems now settled that such withdrawal cannot be allowed. The rule as there amended and promulgated reads: "A cause will be properly prepared for submission only when a transcript of the record exhibits a cause prepared for appeal in accordance with the rules prescribed for the government of the district and county courts, and filed in the court under the rules, with briefs of one or of both the parties, in accordance with the rules for the government of the court. All parties will be expected, before submission, to see that the transcript of the record is properly prepared, and the mere failure to observe omissions or inaccuracies therein will not be admitted, after submission, as a reason for correcting the record or obtaining a rehearing."

This rule, as amended, has been enforced. Ineeda Laundry v. Newton (Tex.Civ.App.) 33 S.W.(2d) 208, 213 (writ dismissed); Woolley v. Nelson (Tex.Civ.App.) 250 S.W. 481; Ballard v. Breigh (Tex.Civ.App.) 262 S.W. 886; City Nat. Bank v. Watson (Tex. Civ.App.) 178 S.W. 657, 658; Missouri, K. & T. Ry. Co. v. Hurdle (Tex.Civ.App.) 142 S.W. 992 (writ denied); Rockhold v. Lucky Tiger Oil Co. (Tex.Civ.App.) 4 S.W.(2d) 1046, 1052 (writ dismissed); Texas & N. O. Ry. Co. v. Gray (Tex.Civ.App.) 29 S.W.(2d) 815; Davis v. Peurifoy (Tex.Civ.App.) 91 S.W.(2d) 1175.

From what we have said, it follows that the motion for certiorari should be denied, and the motion to dismiss the appeal should be sustained, and the appeal dismissed, and it is so ordered.