**LOGAN et al. v. AIKEN et al.**

No. 10252.

Court of Civil Appeals of Texas.
San Antonio.

July 21, 1937.

S. Benton Davies and Rice & Rice, all of San Antonio, for appellants.

Church & Steger, Moursund, Ball, Moursund & Bergstrom, E. L. Early, and Terrell, Davis, Hall & Clemens, all of San Antonio, for appellees.

SMITH, Chief Justice.

The transcript in this case rests upon the certificate of the clerk of the trial court that the same contains "a true and correct transcript of the orders and proceedings as ordered by" a named attorney for appellants. The certificate is fatally defective, but appellees' motion to strike will be overruled upon condition that appellants tender a proper transcript, properly authenticated, within ten days from this order, for which purpose appellants may withdraw said transcript from this court. If appellants fail to comply with this alternative, the motion to strike will be granted; if they comply, it will be overruled. Articles 2278, 2279, 2280, 2282, Rev.St.1925; District and County Court Rules 85, 94; 3 Tex.Jur. §§ 506, 507; Freeman v. Collier Rocket Co., 101 Tex. 60, 104 S.W. 1042; Watts v. Overstreet, 78 Tex. 571, 14 S.W. 704; Elliott v. Elliott (Tex.Civ.App.) 105 S.W. 1011; Gutheridge v. Gutheridge (Tex.Civ.App.) 159 S.W. 452.

Appellees also insist that many of the proceedings below have been omitted from the transcript filed here. While such omissions may properly be supplied by certiorari, they may, if they exist in this case, be troublesome when the clerk comes to make a correct certificate. The statutes and rules plainly prescribe a simple course for parties appealing, and clerks, in preparing, authenticating, filing, correcting, completing, and diminishing transcripts on appeal, and we respectfully commend those rules and statutes to the parties to this suit, as well as the clerk below. In such matters neither the clerk, nor either party, has any discretion to diminish the record, but may do so only upon agreement of parties. The parties, through their counsel, however, may in most cases greatly simplify the record, and cut down the volume and cost thereof, by agreement to omit designated immaterial matters. Apparently, this case is within that class.

Appellees' motion to strike is overruled, upon condition that a proper transcript, properly authenticated, be filed within ten days; otherwise it will be granted.