## GLASPY v. GRUBBS.

### No. 12566.

Court of Civil Appeals of Texas. Dallas.

Nov. 13, 1937.

A. R. Stout, of Ennis, for appellant.

Chas. Ashworth, of Kaufman, for appellee.

BOND, Chief Justice.

E. H. Grubbs instituted suit against Roy Glaspy for damages resulting from a breach of contract for the rental of a 90-acre farm located in Kaufman county, Tex., for the year 1937, and sought the appointment of a temporary receiver to take charge of the crops off of said farm when gathered, and to preserve same pending final determination of the issues involved in the suit. The grounds alleged for the appointment of the receiver were, that the plaintiff feared that the defendant would injure and damage, remove and sell the crops after being harvested, and place them beyond the jurisdiction of the court, to his irreparable injury and damage.

On hearing, a temporary receiver was appointed by the trial court, not on the evidence submitted or that plaintiff would lose or gain by such appointment, but solely because the defendant would not submit to a demand of the trial judge to waive a bona fide defense in the suit, and commit himself in advance of trial of the case on its merits to liability for plaintiff's alleged breach.

The pleadings bear evidence of a sharp conflict as to the terms of the rental contract and to whom the breach is attributable. Plaintiff alleged that the contract was the usual and customary half-and-half farmers' rental contract—that is, the landlord furnishing the land, teams, tools, feed, and seed, and the tenant the labor, and the products raised thereon during the year to be equally divided between them. He also contends that the defendant breached the alleged contract, for which he seeks specific damages. The defendant interposed a general denial and specially alleged that the plaintiff was the wrongdoer, he breaching the contract, and that on account of which the plaintiff forfeited all rights in the farm and the products to be raised and harvested thereon; hence the defendant was not indebted to plaintiff in any sum whatsoever.

After the testimony had been concluded, the trial judge, in open court, exacted of the defendant a promise or agreement that he would keep a correct accounting of all crops raised and harvested on the rental premises for the year 1937, and respond to damages, at the end of the year, for one-half of the crops raised and harvested after deducting all expenses incident thereto; otherwise, he would appoint a receiver to take charge of and administer the property. To this exaction, the defendant respectfully refused, whereupon the trial court appointed the receiver.

We know of no rule in law or equity in this state, or elsewhere, authorizing a court to exact of a defendant an agreement to keep an accounting for the use and benefit of plaintiff's law suit, or to require of him a waiver of a defense to the cause of action, and, in advance of trial on the merits, agree to admit an alleged wrong, in order to avoid the appointment of a receiver; or would authorize the court to appoint a receiver solely on account of the defendant refusing to submit to such exactions. In this state, a receiver is merely an incident to a cause of action seeking other relief, and is only authorized to preserve the subject-matter of the litigation during the pendency of the suit. Plaintiff seeks on conflicting issues to recover damages for an alleged breach of a rental contract. We think it clear that the court was not authorized to pass judgment on the merits of the case in advance of trial and to appoint a receiver in a suit of this nature.

See Cahn v. Johnson et al., 12 Tex.Civ. App. 304, 33 S.W. 1000; New Birmingham Iron & Land Co. et al. v. Blevens et al., 12 Tex.Civ.App. 410, 34 S.W. 828; Rex Refining Co., Inc. v. Morris (Tex.Civ.App.) 72 S.W.2d 687.

Furthermore, the evidence offered on the hearing presents a clear abuse of discretion on the part of the trial court. The record shows that plaintiff owns in his own right a one-half interest in a grocery store located at Ennis, Tex., 342 acres of land located in Kaufman county near the town of Kaufman, valued at $75 per acre, a home and rental house and lot in the town of Ennis, personal property, consisting of 68 head of mules, two tractors, and a quantity of farming implements, and that he was then cultivating 2,000 acres of land; not indebted to any one. That plaintiff had furnished to the tenant, to enable him to cultivate the farm, the sum of $45 per month, up to the date of filing of the suit on July 24, 1937, for which sum the defendant claims a landlord's lien on all the crops to be raised and harvested on the farm, as security, which, according to the record, amounts to more than the farm would make for the year.

Obviously, the appointment of a receiver in this case was not necessary to preserve the subject-matter of the litigation, and, as the defendant was shown to be amply solvent and more than able to pay all damages which the plaintiff claimed, we fail to find any ground that would justify the trial court to interfere with defendant's right to possession of the property, prima facie his, and hand over its entire control to another. So, we think the appointment of the receiver was unauthorized in law, and, in equity, a clear abuse of the court's discretion; hence, the judgment of the court below is reversed and judgment is here rendered for appellant, vacating the receivership.

After the submission and argument of this cause, appellee moved to dismiss the appeal because of irregularities in the certificate of the clerk of the district court attached to the transcript which was filed in this court on August 18, 1937. The motion is based on the ground that the certificate to the transcript certifies that the transcript contains "a true and correct copy of original papers now on file in the above styled and numbered cause"; whereas, article 2282, R.S.1925, provides that the certificate shall relate that "such certificate shall state whether the same be a transcript of all the proceedings in the cause, or a transcript agreed upon by the parties." The motion to dismiss was filed on November 9, 1937. We think that the error complained of is merely an irregularity in bringing the case up on appeal, and that the motion to dismiss comes too late, having been filed more than 30 days after the filing of the transcript in this court. Rule 8, promulgated by the Supreme Court for the Courts of Civil Appeals of this state, provides: "All motions relating to informalities in the manner of bringing a case into court shall be filed and entered by the clerk on the motion docket within thirty days after the filing of the transcript in the Court of Civil Appeals, otherwise the objection shall be considered as waived, if it can be waived by the party." We think that the irregularity in the certificate can be waived, and that it was effectively waived by appellee in failing to move for dismissal of the appeal within the time allowed; hence, the motion is overruled. See Gutheridge et al. v. Gutheridge (Tex.Civ.App.) 159 S.W. 452; J. M. Radford Grocery Co. et al. v. Owens et al. (Tex.Civ.App.) 159 S.W. 453.

Reversed and rendered, vacating the receivership.