## SMITH, ADM'R, v. THE STATE.

A settler in Peters's colony, on a section of land that had been surveyed by the company, but who had no certificate of title, neither from Peters and his associates nor from the Republic or State of Texas, was not liable to pay taxes on the land so occupied by him.

The proper practice in case of a failure or refusal to render a list of taxable property is for the assessor to report the failure at the next term of the District Court, and for the district attorney to proceed to ascertain the fact whether the property was taxable or not by some proceeding in the nature of an information.

Appeal from Dallas. Action in name of appellee against appellant, for failing to render property for taxation, "to the damage of the plaintiff one hundred dollars, wherefore," &c. The facts were agreed upon and submitted to the judge, as follows : "It is agreed that Bowles came to Texas in the winter of 1845, and settled in Dallas county.and made an improvement upon uncultivated land within the limits of Peters's colony ; that Bowles died in the spring of 1847 ; that the land upon which he died and upon which his family lived at the time of the demand by the assessor and collector in 1847 is unsurveyed by the State ; and that Bowles had not, nor has the administrator, any certificate of title, neither from Peters and his associates nor from the State or Republic of Texas. And it is agreed that Smith did render a list of the personal property of the said Bowles, but refused to render said land, as required by the assessor. It is further agreed that the said Bowles settled on section thirty-five, in the fifteen-mile block surveyed by the direction of the agent of Peters's colony, for a solid settlement by said colony contract ; and that said Bowles resided upon it at his death, and his family afterwards until the bringing of this suit ; section thirty-five being in township No. two north, range one west, as surveyed by the agent of Peters's colony."

[298] The judge ordered a jury to be impaneled to assess the fine. The fine was assessed at $10.

*Sneed & Oldham*, for appellant. We will not stop to inquire whether the attorney for the State adopted the proper remedy for the recovery of the penalty, or whether the information filed shows such a violation of the act on the part of the appellant as to subject him to the fine prescribed. The facts agreed upon acquit him fully. The land which he refused to render to the assessor as taxable property belonging to his intestate's estate did not belong to the intestate in his life-time, nor had any title ever emanated from the State for it. The right of the intestate in his life-time was that of a mere occupant upon the public domain.

*Hamilton*, for appellee.

LIPSCOMB, J. The proceedings in this case were intended to subject the appellant to a fine for failing to return to the assessor and collector some real estate for taxation supposed to belong to his intestate. The question of the liability of the appellant is believed not to have been presented in the mode authorized by law, and the course adopted, to say the least of it, is singularly awkward. A petition is filed in which the State of Texas complains of John W. Smith, a citizen of the said county and State, that he is the administrator of the estate of F. Bowles, and alleges that there is real and personal property of the estate which the defendant, administrator of the estate, had refused to return to the assessor and collector for taxation, to the damage of the petitioner $100 ; wherefore petitioner prays citation, and for judgment for said sum, for execution, and all just and equitable relief, &c. The facts seem to have been agreed on and submitted to the judge. They are the following :

"It is agreed that Bowles came to Texas in the winter of 1845, and settled in Dallas county and made an improvement [299] upon uncultivated land

## Smith v. The State.

within the limits of Peters's colony; that Bowles died in the spring of 1847; that the land upon which he died and upon which his family lived at the time of the demand of the assessor and collector in 1847 is unsurveyed by the State; and that Bowles had not, nor has the administrator, any certificate of title, neither from Peters and his associates nor from the State or Republic of Texas. And it is agreed that Smith did render a list of the personal property of the said Bowles, but refused to render said land, as required by the assessor. It is further agreed that the said Bowles settled on section thirty-five, in the fifteen-mile block surveyed by the direction of the agent of Peters's colony, for a solid settlement by said colony contract; and that said Bowles resided upon it at his death, and his family afterwards until the bringing of this suit; section thirty-five being in township No. two north, range one west, as surveyed by the agent of Peters's colony."

On this statement of facts the case was submitted to the judge; and he seems to have thought the land subject to taxation, and that the administrator was in default; as, after having taken it under advisement, he on the next day ordered a jury to assess the fine, and it was accordingly assessed at $10, for which judgment was given; and the defendant appealed.

The sixth section of the act in force at that time providing for assessing and collecting taxes (Acts 1846, p. 347) requires of the administrator that he should make a return of all taxable property, real and personal, which he owned or was possessed of as administrator. The words "possessed of" were not intended to be a possession uncoupled with ownership in the intestate. Nothing can be clearer from the statement of facts than that, as administrator, he did not own or possess the land on which his intestate died; because possession, with title of proprietorship, was not pretended to have been in Bowles; and it would be a mockery of everything like justice and common sense to suppose that because Bowles's family [300] remained as mere squatters where the poor man had pitched his camp and died, without claim of title, the estate should be held liable to pay taxes on such land.

The suit was not brought in conformity to law. Had there been a failure of the administrator to return the land, if it had really been subject to taxation, the assessor, instead of bringing suit, should have reported the failure to the next term of the District Court, and then the district attorney ought to have proceeded to ascertain the fact whether the property was taxable or not by some proceeding in the nature of an information. This course would have been less expensive, and was no doubt the course intended by the act to have been pursued under its provisions, (see 9th section of the act cited;) because the assessor is not only required by the law to report the default to the next court, but is also required to attend to prove the fact.

The statement of the facts shows so clearly that the land was not subject to taxation as belonging to the estate of Bowles, and that the administrator had nothing to do with it, that it is exceedingly difficult to perceive any reasonable ground for the court below coming to a different conclusion. The administrator has, without the least fault on his part, been subjected to trouble and costs; and because it has been imposed on him through a judicial tribunal of his country, he is not allowed to be reimbursed his costs expended. The State, if successful, receives full costs; if unsuccessful, pays none. Hence the necessity imposed upon those representing the State to be cautious, and not capriciously or without due consideration to subject the citizen to the onerous consequences of a groundless prosecution. The judgment is reversed and cause dismissed.

Reversed and dismissed.