E. EPPSTEIN & CO. V. HOLMES & CRAIN ET AL.

(Case No. 5063.)

1. APPEAL — WRIT OF ERROR — SUPERSEDEAS.— A party perfected an appeal and gave a cost bond merely; he afterwards prosecuted a writ of error under a *supersedeas* writ of error bond, returnable to the same term of the supreme court as the appeal.* *Held:*

(1) That under our statute a party is allowed to take either an appeal or a writ of error, and if at the term of the court at which the judgment is given he elects to prosecute an appeal and fails to perfect it, he may within the period of statutory limitation prosecute a writ of error. If his appeal is dismissed by the supreme court, or otherwise disposed of without a determination of the case, he may ordinarily prosecute his writ of error within the proper time.

(2) That article 1400, Revised Statutes, provides for an appeal or writ of error on giving cost bond, which does not suspend execution in the lower court; article 1404, Revised Statutes, provides for appeal or writ of error with *supersedeas* bond, which article 1406 provides shall suspend proceedings below; the statute does not prescribe that the adoption of one of these modes shall exclude the other.

(3) That a party cannot use both methods for mere delay (following Perez *v.* Garza, 52 Tex., 571, and Thomas *v.* Thomas, 57 Tex., 516); but both appeal and writ of error may be prosecuted by a party acting in good faith and in subservience to the intent of the various statutes.

(4) That the constitution guaranties the right of appeal, and it is a matter of right (following Republic *v.* Smith, Dallam, 407). The intent of the law is to afford every facility for appeal that is consistent with the rights of the opposite party. (Shelton *v.* Wade, 4 Tex., 148.)

(5) That it is not in derogation of this intent to allow a *supersedeas* writ of error to be prosecuted by a party who has appealed, provided it does not delay the opposite party.

(6) That all the plaintiffs and intervenors in the original suit should have been made parties to the motion against the clerk and to the appeal.

---

* A motion was made by the successful party below to compel the clerk in the lower court to issue execution, etc.

APPEAL from Lamar.   Tried below before the Hon. R. R. Gaines.

On the 27th of April, 1883, the appellees, Holmes & Crain, recovered a judgment in the district court of Lamar county on their plea in reconvention in the case of Eppstein & Co. *v.* Holmes & Crain *et al.*, against appellants and M. Yesner, surety on attachment bond, for the sum of $70.05, being the amount of actual damages as found by the jury over and above appellants' debt, and against appellants alone for $1,300 vindictive damages.

In the same case and at the same time, the appellees Schneider & Bro., who were intervenors, recovered a judgment establishing their attachment lien on a stock of goods that had been levied upon by both Eppstein & Co. and Schneider & Bro., and sold under an order of court, and ordering the clerk to pay over the proceeds of the goods to Schneider & Bro., amounted to between $900 and $1,000.

On the 28th day of April, 1883, appellants filed motion for new trial, which was overruled by the court, and they excepted and gave notice of appeal in open court to the supreme court of the state. On the 4th day of June, 1883, being less than twenty days from the adjournment of the court, the appellants filed their appeal bond and assignment of errors, the appeal bond being only a cost bond and not a *supersedeas*, the conditions being those required under art. 1400, R. S.

On the 1st day of October, 1883, the appellees through their attorneys demanded of the clerk of the district court of Lamar county the money adjudged to be paid over to Schneider & Bro., and also demanded execution against appellants and their surety, Yesner, upon their judgment.

The clerk refused to pay over the money or issue the execution. On the 4th day of October, 1883, appellees filed in the district court of Lamar county a motion against the clerk to require him to pay over the money and to issue execution upon said judgment. Service of the same was accepted by the clerk. The clerk in his answer set up as a reason why he should not pay over the money nor issue the execution, that the judgment had been superseded by a petition for a writ of error granted by him, and a *supersedeas* bond filed by the appellants and approved by him on the 3d day of October, 1883.   The court gave judgment on the motion ordering the clerk to pay over the money and to issue execution.   After the judgment was rendered against the clerk, the appellants filed a motion asking the court to set aside the judgment upon the motion filed against the clerk for various reasons set up in the motion.   On the hearing of this motion filed by appellants, evi-

dence was introduced *pro* and *con.* The court overruled appellants' motion, and they excepted and here prosecuted their appeal.

*Hale & Scott* and *R. Wooldridge,* for appellants, cited: Perez *v.* Garza, 52 Tex., 573; Thomas *v.* Thomas, 57 Tex., 517.

*Dudley & McDonald,* for appellees, on the *supersedeas,* cited: R. S., arts. 1400, 1404; Burr *v.* Lewis, 6 Tex., 76; Loftin *v.* Nalley, 28 Tex., 127; Smith *v.* Haynes, 30 Tex., 501; Zapp *v.* Michaelis, 56 Tex., 395; Douthet *v.* Word, 45 Tex., 626; Perez *v.* Garza, 52 Tex., 571; Thomas *v.* Thomas, 57 Tex., 516; Sayles' Prac., sec. 813; Jones *v.* Crawford, 18 Ga., 281; Carter *v.* Buchanan, 2 Ga., 337; Moore *v.* Muse, 47 Tex., 210; Fulton *v.* Hanna, 40 Cal., 278; Freeman on Executions, sec. 21.

On the joinder of parties, they cited: Jones *v.* McMahan, 30 Tex., at the bottom of page 729; also Moore *v.* Muse, 47 Tex., 210; Renn *v.* Samos, 42 Tex., 104; Ferris *v.* Streeper, 59 Tex., 312.

WALKER, P. J. COM. APP.— The main question in this case is, whether, after an appeal has been perfected with a cost bond merely (and which therefore does not operate as a *supersedeas* of the judgment appealed from), a writ of error prosecuted by the same appellant, under a *supersedeas* writ of error bond, and made returnable to the same term of the supreme court, as is the appeal thus taken, has the effect to supersede the judgment so as to prevent the issuance of an execution to satisfy the judgment, and in other respects to supersede the legal effect of the judgment. In other words, does the appeal under a cost bond have the effect to conclude the appellant's right to prosecute a writ of error on the judgment appealed from? Is his right to prosecute a writ of error to the same term of the supreme court as his appeal, defeated and exhausted by reason of his election in the first instance to appeal from the judgment under an appeal bond which does not operate as a *supersedeas?* The statute regulating the subject of appeal and writ of error provides for the revision and correction of errors by both species or kinds of appeal, viz.,— appeal, and writ of error; and no limitation, in terms, qualifies the general right accorded to take an appeal or writ of error from every final judgment of the district court in civil cases, so as to confine and conclude a party to his appeal alone in case he shall have elected at the term of the court at which judgment was rendered to prosecute such appeal. If he fails to perfect his appeal, he may at any time within the period of

statutory limitation prosecute a writ of error; and if his appeal shall be dismissed by the supreme court, or otherwise disposed of without a determination of the case, ordinarily he may prosecute his writ of error within the proper time.

But how far a party may avail himself of both appeal and writ of error to the same term of the appellate court presents a question of less obvious solution than the general propositions above stated.

Article 1400, Revised Statutes, provides that "the appellant or plaintiff in error, as the case may be, shall execute a bond, with two or more good and sufficient sureties, to be approved by the clerk, payable to the appellee or defendant in error, in a sum at least double the probable amount of the costs of the suit of both the appellate court and the court below, to be fixed by the clerk, conditioned that such appellant or plaintiff in error shall prosecute his appeal or writ of error with effect, and shall pay all the costs which have accrued in the court below, or which may accrue in the appellate court." A compliance with this provision and certain other requirements has the effect to perfect the appeal, but does not operate to suspend the judgment, but execution may issue as if no such appeal or writ of error had been taken. Arts. 1402, 1403, R. S.

Article 1404, Revised Statutes, provides that, "should the appellant or plaintiff in error, as the case may be, desire to suspend the execution of the judgment, he may do so by giving instead of the bond or affidavit in lieu thereof, mentioned in the four preceding articles, or in addition to such bond, a bond with two or more good and sufficient sureties, to be approved by the clerk, payable to the appellee or defendant in error, in a sum at least double the amount of the judgment, interest and cost, conditioned that such appellant or plaintiff in error shall prosecute his appeal or writ of error with effect, and in case the judgment of the appellate court shall be against him, that he shall perform its judgment, sentence or decree, and pay all such damages as said court may award against him."

Article 1406, Revised Statutes, provides, in effect, that compliance with article 1404 shall operate as a *supersedeas* and stay the execution of the judgment, and should execution have been issued thereon, the clerk shall forthwith issue a *supersedeas*.

The statute, whilst it affords to a party an election as to the adoption of either of these several modes of appeal, does not prescribe that his selection of the one mode shall operate to exclude him from the use of the benefits of the other.

That he may not thus use both of these modes of appeal for mere delay has been decided in Perez *v.* Garza, 52 Tex., 571. In that

case the appeal was perfected and the execution of the judgment stayed by reason of the appeal, for nine months, and appellant then abandoned his appeal and sought to stay the collection of the judgment for twelve months more by suing out a writ of error. The court said, " to permit him to do so would be to make a mere mockery of the law."

In the case of Thomas v. Thomas, 57 Tex., 517, Justice Bonner, delivering the opinion of the court, suggests, but does not decide, the question which is presented in this case. In that case the appellant had prosecuted his appeal and filed an appeal bond, which, however, being informal, and containing a misdescription of the judgment, the appeal was subject to be dismissed. Subsequently he prosecuted also a writ of error with a *supersedeas* bond, which was perfected, and both the appeal and writ of error were returnable to the ensuing term of the supreme court.

The defendant in error filed a motion to dismiss the appeal and also a motion to dismiss the writ of error. Justice Bonner remarked: "Under the motion of the defendant in error to dismiss the appeal, it does not become necessary to decide how far, had the motion not been made, the appeal, which was subject to be dismissed by such motion, would have been so perfected that the jurisdiction of this court would have so attached that the subsequent writ of error would not lie; or how far, in the event a motion to dismiss for informality in the appeal bond is not made in due time, that an appellant, in anticipation that it might be made, can abandon his appeal and sue out a writ of error. That he could not do so for mere delay, by prosecuting a writ of error returnable to a subsequent term to that to which the appeal would have been, has been decided by this court. Perez v. Garza, *supra*. The present case, however, differs from that in this, that here both the appeal and writ of error are returnable to the same term, and it is evident that the latter was not sued out for delay."

We think that the appeal and writ of error may both be prosecuted where it is done in good faith and in subservience to the intent and objects of these various statutes, the purposes of which are intended to secure, with liberal favor, the right of reviewing and revising the action of courts of original jurisdiction, and which contemplate the right also to suspend the force and effect of the judgment appealed from during the pendency of the appeal.

The right of appeal is guaranteed by the constitution, and a party who considers himself aggrieved may appeal as a matter of right. Republic v. Smith, Dallam, 407; Forbes v. Hill, id., 486; Shelton v.

Wade, 4 Tex., 150. In Shelton *v.* Wade, *supra*, Justice Wheeler said: "The laws regulating the exercise of the right are intended to afford the party every possible facility in its furtherance, consistent with a due regard to the rights of the opposite party; and they should be so construed as most certainly and effectually to attain this object."

In accordance with this view favoring a liberal construction of the constitution and laws securing the right of appeal, we are of the opinion that it is not in derogation of the true intent of the statute to allow a *supersedeas* writ of error to be prosecuted by a party who has appealed in the ordinary form, provided this right is so exercised as not to delay the opposite party.

The statute imposes no inhibition upon the right to employ both of these modes of review of final judgments by reason of the primary selection to appeal in the ordinary mode, and it is not perceived that any good reason exists for giving a construction which has the effect to conclude and estop a party from using both modes of appeal in conjunction with each other, if it shall become necessary to supersede the judgment by writ of error and a proper bond given to effect that end, provided no delay shall ensue to the adverse party.

The view taken of the appeal on the judgment rendered on the motion is decisive of its merits, and we do not think it necessary to consider other questions presented by the record.

The judgment rendered on the motion against the clerk ought, we think, to be reversed and the cause remanded.

On another trial, we deem it proper to notice, the plaintiffs and intervenors in the original suit ought to be made parties; they have a direct and beneficial interest in the subject-matter of the motion, and are directly interested in the question as to whether execution may issue against them on the original judgment.

REVERSED AND REMANDED.

[Opinion adopted October 20, 1884.]