## PRATLEY v. SHERWIN–WILLIAMS CO. OF TEXAS.

### No. 1413–5609.

Commission of Appeals of Texas, Section A.
March 4, 1931.

Currie McCutcheon, of Dallas, for plaintiff in error.

Leake, Henry, Wozencraft & Frank and W. T. Henry, all of Dallas, for defendant in error.

SHARP, J.

The question for decision in this case is clearly stated in the dissenting opinion of Judge Looney [21 S.W.(2d) 321, 323] as follows:

"There is but one question presented on this appeal, which was tersely stated by Judge Vaughan in the majority opinion, as follows: 'In order to dispose of the question before us, it is only necessary to discuss the authority of Judge Beard to make the order extending the time for filing the statement of facts 80 days, as entered by him. If Judge Beard, under the law, had the authority to make said order, then plaintiff in error was wrongfully deprived of his statement of facts, and the judgment of the court below will have to be reversed and cause remanded.'

"The question presented, however, was decided by the majority against the authority of Judge Beard, in the following language: 'Judge Beard did not take any part in the proceedings had in the cause, from the presentation of the pleadings to the rendition of judgment; his only act being the hearing of and entering order overruling the motion for a new trial. We therefore hold that he was not the judge before whom the cause was tried, and that he did not have authority to extend the time for filing statement of facts therein, but that authority rested only with Judge Hare, who was the judge before whom said cause was tried.'"

Judge Vaughan in the majority opinion states the material facts as follows:

"This cause was tried in the Ninety-Fifth judicial district court of Texas for Dallas county (of which court Hon. Royal R. Watkins is the presiding judge) by Hon. Silas Hare, judge of the Fifteenth judicial district court of the state of Texas, presiding as judge of said Ninety-Fifth judicial district, under the Act of the Fortieth Legislature, c. 156, p. 228, organizing and dividing the state of Texas into nine judicial districts, providing for the transfer of district judges and the extension of terms of district courts. Judgment was rendered on February 6, 1928. Plaintiff in error filed his amended motion for a new trial February 10, 1928, on which date said motion was heard and overruled by Hon. P. O. Beard, judge of the Sixty-Seventh judicial district court of Texas, sitting for Hon. Royal R. Watkins, judge of the Ninety-Fifth judicial district court of Texas. At the same time, and forming a part of the order overruling said motion, Judge Beard, 'allowed plaintiff in error 80 days from the time allowed by law in which to prepare and file bills of exception and statement of facts.'

"At this time Judge Hare was in his own district, holding court, and Judge Beard had been assigned by the presiding judge of the administrative district, in which Dallas county is included, to try cases in Dallas county, and was so engaged at the time he overruled the amended motion of plaintiff in error for a new trial. The statement of facts involved was dated July 10, 1928, and was presented by the attorney for plaintiff in error to the attorneys for defendant in error on July 13, 1928. On July 14, 1928, attorneys for defendant in error returned to attorney for plaintiff in error said statement of facts, advising him that they refused to agree to same, on the ground that the period of 90 days following the overruling of the motion for a new trial had long since expired at the time said statement of facts was presented. On July 18, 1928, said statement of facts was received by Judge Silas Hare at Sherman, Tex., by express, together with a letter from the attorney for plaintiff in error, advising Judge Hare of the refusal of the attorneys for defendant in error to agree to same, and the grounds on which said refusal was made. Judge Hare refused to approve or sign the statement of facts so presented to him, or to prepare and sign and file with the clerk of the court a correct statement of facts proved on the trial, as required by law, in cases where the parties do not agreed upon such statement of facts, or the judge does not approve or sign the statement presented to him. See article 2240, R. C. S. 1925. On August 3, 1928, Judge Hare entered an order in said cause, refusing to comply with the provisions of article 2240, supra, on the grounds, as stated by him, namely: 'After this elapse of time and with an incomplete record before me, I am unable to make up a statement of facts that I am willing to certify is correct.' Petition for writ of error and bond was filed June 29, 1928."

In many of the district courts of this state the dockets had become congested with cases, and to meet this condition article 200a, Vernon's Annotated Texas Statutes, dividing the state into nine judicial districts, was adopted. It further provides the ways and means of how the services of the various district judges of Texas may be utilized in the trial of cases. It was evidently the purpose of the Legisla-

ture in enacting the article aforesaid known as the Administrative Judicial Districts Act to devise means of utilizing the services of the various district judges of this state by authorizing their transfer from one district to another to facilitate the disposition of cases and to try and dispose of accumulated business. By reason of the provisions of the foregoing act, Judge Hare of the Fifteenth judicial district was transferred for duty in the district courts of Dallas county and tried part of this case, concluding his services in the case on return of the verdict and rendition of judgment thereon. It is shown that he then returned to his own district, and afterwards Judge P. O. Beard of the Sixty-Seventh judicial district, under the foregoing act, was assigned for duty in the district courts of Dallas county. In the regular way there came before him in the case for hearing the motion for a new trial, and this appeal is prosecuted from his order overruling the motion. At the same time and as a part of the proceeding connected with the case in overruling the motion for a new trial, he granted appellant's application for an extension of time as above stated, within which to file the statement of facts.

Article 2092, Vernon's Annotated Civil Statutes, provides rules of practice and procedure in civil district courts in counties having two or more district courts with civil jurisdiction. Among other provisions and sections, it contains the following:

Section 21: "The judges of such courts may, in their discretion, exchange benches or districts from time to time, and may transfer cases and other proceedings from one court to another, and any of them may in his own court room try and determine any case or proceeding pending in another court without having the case transferred, or may sit in any other of said courts and there hear and determine any case there pending, and every judgment and order shall be entered in the minutes of the court in which the case is pending and at the time the judgment or order is rendered, and two or more judges may try different cases in the same court at the same time, and each may occupy his own court room or the room of any other court. The judge of any such court may issue restraining orders and injunctions returnable to any other judge or court, and any judge may transfer any case or proceeding pending in his court to any other of said courts, and the judge of any court to which a case or proceeding is transferred shall receive and try the same, and in turn shall have power in his discretion to transfer any such case to any other of said courts and any other judge may in his court room try any case pending in any other of such courts."

Section 24: "Any judge may hear any part of any case or proceeding pending in any of

said courts and determine the same, or may hear and determine any question in any case, and any other judge may complete the hearing and render judgment in the case."

Section 25: "Any judge may hear and determine demurrers, motions, petitions for injunction, applications for appointment of receivers, interventions, pleas of privilege, pleas in abatement, all dilatory pleas, motions for new trial and all preliminary matters, questions and proceedings and may enter judgment or order thereon in the court in which the case is pending without having the case transferred to the court of the judge acting, and the judge in whose court the case is pending may thereafter proceed to hear, complete and determine the case or other matter, or any part thereof, and render final judgment therein. Any judgment rendered or action taken by any judge in any of said courts in the county, shall be valid and binding."

The foregoing subdivisions of article 2092, supra, are applicable to the civil district courts of Dallas county.

█ It is plain from the foregoing facts stated that plaintiff in error was denied the right of appeal by reason of Judge Hare misconstruing the statutes to the effect that the order entered by Judge Beard, allowing an extension of time for filing a statement of facts, after acting upon the motion for a new trial, was void. Under the law and the facts stated, we think Judge Beard had the authority to make the order allowing an extension of time for filing a statement of facts in this case, as was done.

█ The right of appeal from a case tried in the courts of this state is a valued one and is guaranteed by the Constitution and the decisions. Shelton v. Wade, 4 Tex. 150, 51 Am. Dec. 722; Eppstein v. Holmes, 64 Tex. 560; 3 Tex. Jur. § 3, p. 35.

█ It is a further well-settled rule in this state that statutes giving and regulating the right of appeal are recognized as remedial in their nature and should receive a liberal construction in furtherance of the right of appeal. Shelton v. Wade, 4 Tex. 150, 51 Am. Dec. 722; Eppstein v. Holmes, 64 Tex. 560; 2 R. C. L. § 6, pp. 29 and 30.

█ It is also a well-settled rule of this state that when parties fail to agree on a statement of facts, and the appellant, within the time prescribed by law, presents his statement to the trial judge, and requests him to prepare and file a statement of facts, it is the statutory duty of the judge to do so, and on his failure to prepare and file such statement appellant is entitled to a reversal and the granting of a new trial.

Under the law Judge Beard had the right to make the order allowing appellant an extension of time within which to file his statement of facts, as was done, and we know of

198

no rule or provision of law which would deny plaintiff in error the right of appeal from the judgment of the trial court, and the court erred in not giving him that right by preparing and filing a statement of facts as required by law.

Judge Greenwood in the case of G., G. & S. F. Ry. Co. v. Muse, 109 Tex. 360, 207 S. W. 897, 899, 4 A. L. R. 613, has given a clear definition as to what constitutes a trial in the courts of this state in the following language:

"Giving the word 'trial' its ordinary and accepted meaning in law of 'the judicial investigation and determination of the issues between parties' (Century Dictionary; 28 A. & E. Enc. of Law, 636), it would just as much include the action of the court on a motion, presented immediately after an order had been rendered granting a new trial, to set aside such order, as it would include the action of the court in granting a new trial."

Also see Coalson v. Holmes, 111 Tex. 502, 240 S. W. 896; Palmo v. Slayden, 100 Tex. 13, 92 S. W. 796, 797.

For the reasons herein stated, we recommend that the judgment of the Court of Civil Appeals and the trial court be reversed, and this cause be remanded to the trial court for another trial.

CURETON, C. J.

Judgments of the district court and Court of Civil Appeals are both reversed, and cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.