## SHAEFFER et al. v. SMYTH et al.
### No. 1441—5659.

Commission of Appeals of Texas, Section A.
April 15, 1931.

Goggans & Allison, James F. Gray, and R. W. Gray, all of Dallas, for plaintiffs in error.

Goree, Odell & Allen and L. L. Gambill, all of Fort Worth, and Dabney, Goggans & Ritchie, of Dallas, for defendants in error.

SHARP, J.

This case was tried before the Honorable P. O. Beard, judge of the Seventy-First judicial district, sitting for the Honorable Royall R. Watkins, judge of the Ninety-Fifth judicial district. Judgment was rendered denying plaintiffs any recovery against the defendants on April 5, 1928. An appeal was made to the Court of Civil Appeals for the Fifth supreme judicial district at Dallas, and the case by an order of equalization of the Supreme Court was transferred to the Court of Civil Appeals for the Eighth supreme judicial district at El Paso. Motion was made by the defendants in error to the Court of Civil Appeals at El Paso to strike out the statement of facts, which motion was sustained. 22 S. W.(2d) 1088. A writ of error was granted.

The first question for decision is: Did the Court of Civil Appeals at El Paso err in sustaining the motion to strike out the statement of facts? The facts pertinent to the motion are set out as follows:

It appears from the record that the statement is not certified by the official stenographer, but at the end thereof is an agreement signed by counsel that it was a full, true, and complete statement in narrative form of all material evidence adduced upon the trial. No contention is made that it is not a true and correct statement of the testimony introduced. Below this agreement appears the following:

"Examined, approved and ordered filed as a part of the record in this case.

"January 28-'29.

"P. O. Beard,     By Royall R. Watkins, "Presiding Judge."

It further shows that the transcript and statement of facts were filed on January 22, 1929, in the Court of Civil Appeals for the Fifth judicial district at Dallas, and the statement of facts refiled in that court on January 28, 1929, in accordance with an order of that court made upon motion of plaintiffs in error, asking that they be allowed to so file same. This case was later transferred from the Court of Civil Appeals at Dallas to the Court of Civil Appeals at El Paso, and was filed in the latter court on June 25, 1929. The case was set for submission on October 30, 1929, and at that time the defendants in error filed a written motion to strike out the statement of facts then on file, "because said purported statement of facts was not and has not been approved, signed or authenticated in compliance with article 2239 of the Revised Civil Statutes of Texas for 1925 and because said purported statement of facts was not and has not been submitted to the judge who tried this case in the lower court and has not been found by such judge to be correct and has not been approved and signed by such judge in compliance with article 2243 of the Revised Civil Statutes of Texas."

The Court of Civil Appeals sustained the motion and affirmed the judgment on December 12, 1929.

Judge Claude M. McCallum, judge of the 101st judicial district court of Dallas, Tex., made the following affidavit:

"My name is Claude M. McCallum and I am Judge of the 101st Judicial District Court of Dallas County, Texas. During the year 1928 I was presiding Judge of the Civil District Court of Dallas County, Texas. During this time there were numerous cases taken up by appeal where the Statement of Facts and bills of exception were not signed by the out of town Judge authorized by law to preside in the Dallas Courts. Due to the inconvenience, delay and frequent hardships resulting to attorneys and parties having to secure the signature of the out of town Judge at considerable distance from Dallas, it has been frequently the custom to sign the out of town Judge's name with his consent, sometimes given verbally, and sometimes written to us to sign, and sometimes telephoned, to the statement of facts where both parties have agreed to the statement of facts. The legality of this procedure has been accepted as being correct and valid. I also know, of my own knowledge, that frequently statement of

facts are not seen or read by the trial judge, even when present. He simply accepts the stenographer's statement and the agreement on both sides that the statement is correct. In other words, the approval by all parties usually is sufficient for the trial judge to approve the statement."

Judge Royall R. Watkins made two affidavits. He said:

"The case of Charles C. Shaeffer, Trustee, et al. vs. J. C. Smyth et al., which was numbered 63193 upon the docket of the 95th Judicial District Court, was tried before Honorable P. O. Beard, as Judge of that court at that time.

"On or immediately prior to January 22, 1929, Mr. R. W. Gray, an attorney for the plaintiffs in said case, came to me and advised me that he was carrying the case to the Appellate Court and that his time had about expired for getting the Statement of Facts approved and filed. It is my recollection that he stated that the very day upon which he was talking to me was the last day that he had to get the Statement of Facts approved and filed. He further stated that he had attempted to get in touch with Judge P. O. Beard, who had tried the case as aforesaid, but had been unable to do so. He requested that I sign and approve the Statement of Facts, but I refused to do so, upon the ground that I had not tried the case and had no authority to do so, I got in touch with the office of Goree, Odell & Allen by telephone and asked for L. L. Gambill, who I understood was handling this case for the defendant, but was unable to reach him, and thereupon talked to Mr. W. M. Odell of that firm. I asked Mr. Odell if his firm, as attorneys for the defendant, would agree for me to sign the statement of facts as requested by Mr. Gray, and Mr. Odell replied that he was unable to do so. I did not sign or approve the Statement of Facts.

"I recall that while Mr. Gray was in my office we tried to call Judge P. O. Beard at Marshall, Texas, but received the report that he was not there but was in Dallas and we were unable to get in communication with him.

"My next connection with the matter was on January 28, 1929. At or immediately prior to that time I received a communication from Judge P. O. Beard, either by way of a letter or by a telephone conversation, and I am reasonably certain that it was by letter. The substance of that communication was that Judge Beard stated that Mr. Gray had been unable to reach him to get him to approve the Statement of Facts in the above case. He asked that I 'take care of them,' or 'try to look after them,' or words to that effect, and requested that I sign the Statement of Facts for him.

"I then signed the Statement of Facts in the manner as shown by the Statement of Facts, towit, 'P. O. Beard, by Royall R. Watkins, January 28, 1929.' I did not look at, examine or in any way pass upon the Statement of Facts, but simply signed Judge Beard's name, by me, at his request, as will appear from the Statement of Facts."

In the second affidavit it is said: "My name is Royall R. Watkins and I am Judge of the Ninety-Fifth Judicial District Court of Dallas County, Texas. At the time that I signed Judge P. O. Beard's name by his direction to the Statement of Facts in the case of Shaeffer, et al. vs. Smyth, I considered his authorization sufficient authority to validate the act. In one or two cases within my knowledge in my Court such authorization has been given where both parties have agreed to the Statement of Facts and agreed that I could sign the same for the Judge Presiding."

Article 2092, Vernon's Annotated Civil Statutes, provides rules of practice and procedure in civil district courts in counties having two or more district courts with civil jurisdiction. Among other provisions and subdivisions it contains the following:

"21. * * * The judges of such courts may, in their discretion, exchange benches or districts from time to time, and may transfer cases and other proceedings from one court to another, and any of them may in his own court room try and determine any case or proceeding pending in another court without having the case transferred, or may sit in any other of said courts and there hear and determine any case there pending, and every judgment and order shall be entered in the minutes of the court in which the case is pending and at the time the judgment or order is rendered, and two or more judges may try different cases in the same court at the same time, and each may occupy his own court room or the room of any other court. The judge of any such court may issue restraining orders and injunctions returnable to any other judge or court, and any judge may transfer any case or proceeding pending in his court to any other of said courts, and the judge of any court to which a case of proceeding is transferred shall receive and try the same, and in turn shall have power in his discretion to transfer any such case to any other of said courts and any other judge may in his court room try any case pending in any other of such courts."

"24. * * * Any judge may hear any part of any case proceeding pending in any of said courts and determine the same, or may hear and determine any question in any case, and any other judge may complete the hearing and render judgment in the case.

"25. * * * Any judge may hear and determine demurrers, motions, petitions for injunction, applications for appointment of receivers, interventions, pleas of privilege, pleas in abatement, all dilatory pleas, mo-

tions for new trial and all preliminary matters, questions and proceedings and may enter judgment or order thereon in the court in which the case is pending without having the case transferred to the court of the judge acting, and the judge in whose court the case is pending may thereafter proceed to hear, complete and determine the case or other matter, or any part thereof, and render final judgment therein. Any judgment rendered or action taken by any judge in any of said courts in the county, shall be valid and binding."

The foregoing subdivisions of article 2092, supra, are applicable to the civil district courts of Dallas county.

In the case of Walter Pratley v. Sherwin-Williams Company of Texas, 36 S.W.(2d) 195, 196, recently decided by this section of the Commission, the foregoing sections of article 2092, supra, were construed. It was contended in that case that Judge P. O. Beard, the same judge who participated in this case, did not take any part in the proceedings had in the case from the presentation of the pleadings to the rendition of the judgment, his only act being the hearing of and entering an order overruling the motion for new trial; therefore he was not the judge before whom the cause was tried, and that he did not have the authority to extend the time for filing the statement of facts therein, but that power rested only with Judge Hare, who, like Judge Beard, was called from his district to try cases in the district courts of Dallas county, and who was the judge before whom the cause was tried. In that case it was held that Judge Beard had the right to make the order extending the time for the filing of the statement of facts.

In the foregoing opinion it was said: "In many of the district courts of this state the dockets had become congested with cases, and to meet this condition article 200a, Vernon's Annotated Texas Statutes, dividing the state into nine judicial districts, was adopted. It further provides the ways and means of how the services of the various district judges of Texas may be utilized in the trial of cases. It was evidently the purpose of the Legislature in enacting the article aforesaid known as the Administrative Judicial Districts Act to devise means of utilizing the services of the various district judges of this state by authorizing their transfer from one district to another to facilitate the disposi-

tion of cases and to try and dispose of accumulated business."

In the course of the opinion it was further said:

"The right of appeal from a case tried in the courts of this state is a valued one and is guaranteed by the Constitution and the decisions. Shelton v. Wade, 4 Tex. 150, 51 Am. Dec. 722; Eppstein v. Holmes, 64 Tex. 560; 3 Tex. Jur. § 3, p. 35.

"It is a further well-settled rule in this state that statutes giving and regulating the right of appeal are recognized as remedial in their nature and should receive a liberal construction in furtherance of the right of appeal. Shelton v. Wade, 4 Tex. 150, 51 Am. Dec. 722; Eppstein v. Holmes, 64 Tex. 560; 2 R. C. L. § 6, pp. 29 and 30."

In view of the foregoing statutes, we think the sound rule to be that, where a statement of facts has been accepted and approved by counsel for both sides, the judge who actually heard the evidence in the case may properly request and direct any judge to sign his name thereto in approval thereof, and the statement of facts so signed and approved is entitled to consideration.

Therefore, in view of this record, in our judgment the Court of Civil Appeals erred in sustaining the motion to strike out the statement of facts.

The Court of Civil Appeals in its opinion held that: "In the absence of a statement of facts, none of the assignments and propositions submitted by plaintiff in error show any error."

We have examined the assignments and propositions submitted by plaintiff in error, and, in our opinion, they raise questions of fact, and, perhaps, mixed questions of fact and of law.

Therefore we recommend that the judgment of the Court of Civil Appeals should be reversed and the cause remanded to that court for further consideration.

CURETON, C. J.

Judgment of the Court of Civil Appeals reversed, and the cause remanded to the Court of Civil Appeals for further consideration, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.