**GUESS et al. v. PHELPS et al.**

No. 9561.

Court of Civil Appeals of Texas. Galveston.

June 3, 1931.

Rehearing Denied July 2, 1931.

Maurice Epstein, Alexander T. Sidman, and Conrad J. Landram, all of Houston, for appellants.

L. B. Moody, Edgar H. Phelps, and Ed. S. Phelps, all of Houston, for appellees.

GRAVES, J.

The suit, in regular form of trespass to try title to and for possession of lot 1 in block 384 on the south side of Buffalo Bayou in the city of Houston, was by Ed. S. and Ed. H. Phelps as plaintiffs against Mollie Sanders Woods and husband, pro forma, as defendants; the defendants answered, among other things setting up (1) the continued possession since 1867 of the property by Mollie Woods, and those under whom she claimed, asserting her title thereto under all the statutes of limitation comprehended within that long period, specially claiming through Mollie Woods' grandmother, Susan Mitchell, and her mother, Julia K. Sanders, daughter of Susan Mitchell, under averments that Mollie was the lone survivor of all those specifically named as devisees of this particular tract, under Susan Mitchell's will, and (2) that the purported deed from defendants conveying this lot to plaintiffs of date November 1st of 1926 had been null and void for the want of consideration.

Connie L. Guess, as guardian of the estates of the minor children of himself and of his deceased wife, Susie A. Guess, who had been the daughter of Julia K. Sanders and the granddaughter of Susan Mitchell, being named in the latter's will as Susan A. Sanders, intervened, claiming the exclusive ownership of the land involved to be in his wards by virtue of the terms of Susan Mitchell's will, asserting the invalidity of two deeds to it from Julia K. Sanders to Mollie Sanders Woods of the respective dates of February 8 and October 1 of 1926, and of the above-mentioned deed of the latter to the plaintiffs herein, of November 1 of 1926, and praying for a construction of such will, together with a judgment pursuant thereto in vindication of his averments.

At the conclusion of the evidence, the court peremptorily instructed a verdict in favor of the plaintiffs against both sets of opposing litigants, which, being duly returned, was followed by judgment accordingly.

The defendants below have not appealed, but the interveners protest here through a number of assignments, making two contentions that may be generally stated as follows: (1) That the will of Susan Mitchell should not only have been construed by the court below, but affirmatively interpreted as creating a series of successive life estates to the lot involved in the testatrix' children as named therein, Sarah, Julia, and Frank, with an ultimate vesting of the fee thereof in her two grandchildren likewise so named, Mollie and Susie, which holding would have resulted in a recovery by themselves; (2) in the alternative, in the event the will was properly susceptible of the construction that the testatrix's daughter, Julia Sanders took an estate in the lot that she could convey, the evidence raised issues of fact involving the validity of the two deeds to it from the latter to her own daughter, Mollie Sanders Woods, that should have been submitted to the jury.

■ The appellees have moved to strike from the record the statement of facts and the bills of exception, leaving nothing to be passed upon here other than whether or not fundamental error is apparent upon the face of what would remain, on the ground that none of these papers were signed by the judge who tried the cause, Hon. Roy Campbell, of the Eightieth district court, but were all signed by Hon. Ewing Boyd, who was at the time judge of the Fifty-Fifth district court.

The objection is overruled, the effect of the Supreme Court's holding through the Commission of Appeals in Pratley v. Sherwin-Williams Co., 36 S.W.(2d) 195, is regarded as being conclusive against it; the district courts of Harris county are subject to the same statutes there applied, and, while it is true Judge Boyd was then the encumbent of the Fifty-

Fifth district bench rather than of the Eightieth, he sat for the purpose in the latter and signed all these documents as "Ewing Boyd, acting judge, 80th judicial district"; moreover, they were each and all agreed to by the attorneys for both sides as being correct, the statement of facts being so certified also by the court stenographer, who took it down at the time in shorthand.

See, also, Shaeffer v. Smyth (Tex. Com. App.) 37 S.W.(2d) 1012.

The will involved was as follows:

"Heare in the City of Houston, County of Harris and State of Texas, this (6) Six day of March, 1900, I make this my last will and testament, as follows:

"To each and all of my children, Julia K. Sanders, Frank O. H. Keelan, and Sarah Elizziebeth Keelan, I hereby give a home as long as they live, and to my grand-children, Mollie B. Sanders and Susie A. Sanders, a home untill they are married or as long as they live and are not married, and to my daughter, Sarah Elizziebeth Keelan, Lot (1) One in Block 384, South Side Buffalo Bayou, and if she, Saral Elizziebeth Keelan, should die first, then I hereby give Lot (1) One in Block 384, South Side Buffalo Bayou, to my daughter, Julia K. Sanders, and if she, my daughter, Julia K. Sanders, should die first, then I hereby give lot one in Block —— South side B. B. —— 384, to my son Frank C. H. Keelan, and if my son, Frank C. H. Keelan, should die first, then I hereby give Lot (1) One in Block 384, South Side Buffalo Bayou, to my granddaughters Susie A. and Mollie B. Sanders. And if any of the above should die first, then I hereby will to those surviving herein named in the foregoing. And I hereby make my son Frank C. H. Keelan, executor of this my will, without bond or resort to the Courts.

her<br>
"[Signed]  Susan  X  Mitchell<br>
mark<br>
"1818 Caroline Street.

"Witness: Hester Botts Cargill.
"Witness: F. L. Lights."

■ Under the agreed facts, when the testatrix died, all her thus-named devisees were living, dying thereafter in this order: In 1910, her daughter Sarah Elizabeth Keelan, in 1923, her granddaughter Susie A. Sanders, in 1928, her daughter Julia K. Sanders, and in 1929, her son Frank C. H. Keelan, leaving of them surviving at the time of this trial only her granddaughter Mollie B. Sanders, who had intermarried with one William Woods, and was the defendant in interest herein.

In these circumstances, we agree with the construction thus stated by the appellees in their able brief: "The will of Susan Mitchell created an estate in fee in Sarah Elizabeth

Keelan, defeasible, however, upon the happening of the stipulated contingency, to-wit: Her death prior to Julia Sanders', in which event the executory devise over to Julia Sanders took effect, and vested the fee in Julia Sanders; defeasible, however, upon the happening of the stipulated contingency, to-wit: Her death prior to Frank C. H. Keelan's, in which event the executory devise over to Frank C. H. Keelan took effect, and vested the fee in him; defeasible, however, upon the happening of the stipulated contingency, to-wit: His death prior to Susan A. and Mollie B. Sanders', in which event the executory devise over took effect, and vested the fee simple title in Mollie B. Sanders; Susie A. Sanders being dead at the time this devise over took effect, and Mollie B. Sanders being the survivor of these two specifically named devisees, she took the fee simple title."

For supporting authorities, see Thompson on Real Property, vol. 3, §§ 2130, 2568, and Darragh v. Barmore, by the Supreme Court of Texas, 242 S. W. 714, page 717.

From this interpretation, it follows that no title ever vested in Susie A. Sanders, the mother of appellants, because she died before Frank C. H. Keelan did, wherefore none ever came into appellants themselves, the language of the last devise over being specifically confined "to my granddaughters, Susie A. and Mollie B. Sanders," hence excluding great grandchildren such as they were. Rood on Wills, § 443, footnote 71 and cited authorities; Thompson on Real Property, vol. 3, § 2566, page 700, footnote 31-a, and cited authorities.

The earnest insistence in appellants' brief that the concluding expression in the will immediately following the devise to the two granddaughters, "and if any of the above should die first, then I hereby will to those surviving herein named in the foregoing," should be dislocated from that direct and more intimate connection, and made to relate back and apply to the devises made to the testatrix' children, Sarah Elizabeth Keelan, Julia K. Sanders, and Frank C. H. Keelan, seems clearly untenable, because the contingencies as to the relative deaths of each of these had already been specifically and plainly stated, hence it would have been a wholly useless repetition; rather, we think, must it be held to have applied only to the granddaughters, Susie A. and Mollie B. Sanders, and, since the latter became not only the survivor of these two, but of all the other devisees as well, to have vested the entire title to the property in her, to the exclusion of the appellants.

Further discussion is deemed unnecessary, since these conclusions determine the merits of the appeal. The judgment of the trial court has been affirmed.

Affirmed.