**Ex parte Salvador P. SOTO.**

**No. 39934.**

Court of Criminal Appeals of Texas.

Nov. 2, 1966.

Clyde W. Woody, Marian S. Rosen, Houston, for relator.

Stanley Kacir, Dist. Atty., Belton, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Presiding Judge.

OPINION

This is an original mandamus proceeding under Article V, Sec. 5 of the Constitution of Texas, Vernon's Ann.St.

Notice of appeal was given in petitioner's case, and as the time for perfecting the record under Article 40.09, Vernon's Ann. C.C.P. neared its end, petitioner's attorney on appeal made application for an extension of time to file such record to the

Honorable W. A. Messer, Judge of the 146th Judicial District Court, sitting for the Judge of the 27th Judicial District Court during his absence at the State Bar Convention. The extension was granted, but upon the return of the Judge of the 27th Judicial District to his district, he granted the State's motion objecting to the record as not having been timely filed, and thereafter refused to approve the entire record of appellant's case.

It should be noted that the Judge of the 27th Judicial District in no wise attempted to set aside the order of the Judge of the 146th Judicial District, but instead granted the State's motion as stated above.

Article 199, Sec. 146, Vernon's Ann.Civ. St. provides in part as follows:

" * * * In case of absence, sickness or disqualification of any of said Judges, any other of said Judges may hold Court for him * * *."

Under the holding of this Court in Richardson v. State, 154 Tex.Cr.R. 422, 228 S.W.2d 179, and Johnson v. State, 61 Tex. Cr.R. 104, 134 S.W. 225, and the civil cases of Shaeffer et al. v. Smyth, et al., Tex.Com. App., 37 S.W.2d 1012; Pratley v. Sherman-Williams Company of Texas, Tex.Com. App., 36 S.W.2d 195, and Schulz v. Boyd, Tex.Civ.App., 32 S.W.2d 483, there can be no question of Judge Messer's authority to grant the extension of time.

The Judge of the 27th Judicial District Court is directed to approve petitioner's record on appeal for transmittal to this Court.

It is so ordered.

WOODLEY, Judge (dissenting).

This Court is without authority to issue the writ of mandamus sought in this proceeding. Art. V, Section 5, of the Constitution of Texas authorizes the issuance of the writ of mandamus only when necessary to enforce the jurisdiction of the Court of Criminal Appeals.

The majority say that Judge Evetts has "refused to approve the entire record of appellant's case."

In his sworn reply the respondent Judge makes it clear that he stands ready to and does approve the record in petitioner's case subject to his order of September 20, 1966, which reads:

"On this date came the State of Texas by its District Attorney and the Defendant in person, by counsel, and announced ready for hearing on the State's Objection to the record filed in said cause.

"After hearing testimony and argument of both parties, the Court is of the opinion the *objection of the State* of Texas to the record herein *should be* in all things *sustained* and it is so ordered, adjudged and decreed.

"To which action the Defendant, in open Court, excepts and objects and gives Notice of Appeal to the Court of Criminal Appeals sitting in Austin, Texas."

The majority opinion notes that Judge Evetts has "in no wise attempted to set aside the order" of Judge Messer extending the time to file the record.

The Respondent, Judge Evetts, in his sworn reply states that his order of September 20 in effect sets aside Judge Messer's extension order.

If there is any doubt as to whether Judge Evetts has exercised all of the authority he had in regard to setting aside the extension order, or in granting the state's objection, there would seem to be no doubt that Judge Evetts has authority to amend or enter an order clearly setting forth his ruling on the questions relating to the extension order and the state's objection to the approval of the record.

The motion for extension of time "to file record on appeal" which was granted by Judge Messer, and Judge Evetts' order thereon, do not in fact relate to the time for filing of the record on appeal but to the time for filing with the clerk for in-

clusion in such record a transcription of notes of the court reporter applicable only to a proceeding which occurred within 90 days after notice of appeal, the filing of which is regulated by the provisions of Art. 40.09, Section 3, of the 1965 Code of Criminal Procedure.

Art. 40.09 C.C.P. requires that copies of all written motions and pleas, and orders of the court, be included in the appellate record. The trial judge is under no duty to and should not be directed by this Court to unqualifiedly approve a record on appeal which does not include and is contrary to his finding that a transcription contained therein was not timely filed.

I respectfully dissent.